UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATCHMIE TOOLASPRASHAD, ) | |
| ) | |
| Plaintiff, ) | No. 06-1187 (ESH) |
| ) | |
| v. ) | |
| ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendant Federal Bureau of Prisons ("BOP"), by and through undersigned counsel, respectfully moves this Court to dismiss plaintiff's claim in this case for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In the alternative, defendant moves for summary judgment because there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In support of this motion, defendant respectfully refers the Court to the accompanying Statement of Material Facts Not in Dispute, memorandum of points and authorities, and Declaration of Kathleen Quigley, Paralegal Specialist Trainee, Federal Bureau of Prisons, Northeast Regional Office (Exhibit A attached hereto). A proposed Order consistent with this Motion is attached hereto.

Plaintiff, who is proceeding *pro se*, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as

true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. <u>See</u> <u>Neal v. Kelly</u>, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LATCHMIE TOOLASPRASHAD,**   )<br>                                            )<br>            **Plaintiff,**          )<br>        v.                              )<br>                                            )<br>**BUREAU OF PRISONS,**          )<br>                                            )<br>            **Defendant.**       )<br>_____) | No. 06-1187 (ESH) |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Civil Rule 7(h), defendant hereby submits the following Statement of Material Facts Not In Genuine Dispute:

1.  By letter dated March 29, 2006, to the General Counsel of the Bureau of Prisons ("BOP"), plaintiff requested that the BOP release a copy of his psychological report to James Hilkey, Ph.D., "retired chief forensic psychologist" at the Federal Correctional Institution at Butner, North Carolina.¹  Complaint ¶ 1 and Plaintiff's Exhibit 1; see Declaration of Kathleen Quigley ("Quigley Decl. ¶ 3) and Exhibit 1.

2.  BOP forwarded plaintiff's March 29, 2006 letter to the BOP's Northeast Regional Office, and assigned Request Number 2006-06400.  Quigley Decl. ¶ 4.

3.  By letter dated April 19, 2006, to the General Counsel of the BOP, plaintiff indicated that he was "treating [the BOP's failure] to respond as a denial of his request."  Id. ¶ 3 and Plaintiff's Exhibit 2.  Plaintiff noted his appeal.  See id.

---

¹Specifically, in his request plaintiff stated: "Between June 23, 2000 and July 11, 2000, a psychological report was prepared at FCI Petersburg on myself for the U.S. Parole Commission. I am requesting that a copy of all testing compilation, notes of assessment, instruments and evaluative procedures of testing/notes/interviews, etc[.], as well as the entire file be released as soon as possible . . . ."  Complaint ¶ 2.

4. On or about June 5, 2006, the BOP's Northeast Regional Office sent a request for responsive documents to the Federal Correctional Institution at Fort Dix, New Jersey. Quigley Decl. ¶ 6.

5. On June 30, 2006, plaintiff filed the instant Complaint. See Complaint.

6. By letter dated August 15, 2006, forty-six (46) pages of responsive records were sent to the forensic psychologist identified by plaintiff. Quigley Decl. ¶ 7 and Exhibit 2.

        Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-6531
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1187 (ESH) |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

In a Freedom of Information Act ("FOIA") request dated March 29, 2006, plaintiff requested that the Bureau of Prisons ("BOP") release his psychological report, prepared between June 23, 2000 and July 11, 2000, to Forensic Psychologist James Hilkey. As set forth in the accompanying declaration of Karen Quigley, on August 15, 2006, the Bureau of Prisons ("BOP") provided the requested records to Dr. Hilkey. Accordingly, because the BOP has complied with it obligations under FOIA, this action should be dismissed or, in the alternative, summary judgment should be granted in defendant's favor.

## I. FACTS

Defendant hereby incorporates its Statement of Material Facts Not in Genuine Dispute, filed together with this memorandum.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Defendant moves for dismissal under Rule 12(b)(6), as the plaintiff fails to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 12(b)(6), a motion to

dismiss should be granted only if the "[p]laintiffs can prove no set of facts in support of their claim which would entitle them to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing* Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). The Court must resolve all factual doubts in favor of the plaintiff and allow the plaintiff the benefit of all inferences. See Equal Employment Opportunity Comm'n. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in plaintiff's favor. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Kowal, 16 F.3d at 1276. Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts. Taylor v. Fed. Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); Nat'l Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996). Nor must a Court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276; see Papasan v. Allain, 478 U.S. 265, 286 (1986).

### B. Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence

of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. In Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.

In Anderson the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are

typically decided on motions for summary judgment. See Cappabianca v. Comm'r, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. U.S. Internal Revenue Serv., 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit an agency is entitled to summary judgement once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. U.S. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

### III.  ARGUMENT

### Defendant Has Released the Requested Records

The Freedom of Information Act allows a Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. § 552(a)(4)(B). "[I]t is well established that under . . . FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'" Trueblood v. U.S. Dep't of Treasury, 943 F.Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. U.S. Dep't of State, 628 F.2d 9, 10 (D.C. Cir. 1980)); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987). As explained by the D.C. Circuit, "[h]owever fitfull or delayed the release of the information . . . if we are convinced that [the agency] belatedly released all non-exempt material, we have no further judicial function to perform under the FOIA." Tijerina, 821 F.2d at 799 (quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982) ("We are not authorized to make advisory findings of

legal significance on the character of the agency conduct vis-a-vis any requester of information.")). See also Northwest Coalition for Alternatives to Pesticides v. U.S. Environmental Protection Agency, No. 99-0437 (EGS), 2005 WL 607876, *3 (D.D.C. Mar. 16, 2005) ("In the instant case, the plaintiff has successfully obtained all of the documents to which it is entitled under FOIA and there is no more for the Court to do . . .. Therefore, defendant's motion for summary judgment is GRANTED.").

The reason for this requirement is simple – "[a] FOIA action is designed to remedy the improper withholding of documents and to compel their disclosure; it does not provide an after-the-fact remedy once documents have been released, however tardily." Landmark Legal Found. v. Environmental Protection Agency, 272 F. Supp. 2d 59, 69 (D.D.C. 2003); Atkins v. Dep't of Justice, No. 90-5095, 1991 WL 185084, *1 (D.C.Cir. Sept. 18, 1991) ("The question whether DEA complied with the Freedom of Information Act's (FOIA) time limitations in responding to Aaron Atkins' request is moot because DEA has now responded to this request."); Trueblood, 943 F. Supp. at 67 ("Regardless of how long it took the defendant to comply with a plaintiff's FOIA request, the case or controversy evaporates when the documents are released.").

In the matter at hand, pursuant to FOIA, plaintiff requested that the BOP release plaintiff's psychological report to Dr. James Hilkey. On August 15, 2006, defendant provided Dr. Hilkey with the requested records. See Quigley Decl. at ¶ 7. Therefore, plaintiff can prove no set of facts in support of his claim that the BOP failed to produce the requested records.

The only claim possibly remaining would be Plaintiff's request for costs. See Complaint, Relief Requested ¶¶ 2 - 4. "The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section [5 U.S.C. § 552]

5

in which the complainant has substantially prevailed."  5 U.S.C. § 551a(4)(E).  Such relief is, however, not available to the plaintiff.  See Oil, Chemical & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002)("in order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree.") (citing Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 603 (2001)); see also Kay v. Ehler, 499 U.S. 432 (1991) (5 U.S.C. § 552(a)(4)(E) does not authorize the award of fees to a *pro se* non-attorney plaintiff); Benavides v. Bureau of Prisons, 993 F.2d 257, 259 (D.C. Cir. 1993).  *Pro se* plaintiff has secured no relief from the Court.  Rather, the agency has responded to his request.  Consequently, plaintiff's asserted claims for costs must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's Complaint should be dismissed because plaintiff fails to state a claim upon which relief can be granted.  In the alternative, summary judgment should be granted in defendant's favor.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-6531
Counsel for Defendant

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on this 5th day of September, 2006, a copy of the foregoing was sent by First-Class Mail, postage prepaid, to:

Latchmie Toolasprashad
#10975-056
FCI Fort Dix
Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640


/s/
MARIAN L. BORUM
Assistant United States Attorney