UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOOLASPRASHAD,
    Plaintiff,

v.                                          CASE No. 06-1187-ESH

BUREAU OF PRISONS,
    Defendant

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR ENLARGEMENT OF TIME

On October 2, 2006, plaintiff received defendant's "Motion for Enlargement of Time ... or in the Alternative, for Summary Judgment" dated September 26, 2006. Defendant is seeking a 30-days enlargement of time up to November 6, 2006, and plaintiff is opposing same.

On July 28, 2006, defendant sought and was granted 30 days to answer plaintiff's Complaint (Doc #7), and the Court granted same on August 1, 2006, before plaintiff had an opportunity to oppose same. However, plaintiff did filed opposition (Doc #8).

When defendant filed its motion to dismiss the Complaint, defendant had ample time to address the Complaint, as at the Complaint Exhibit 1 (Doc #1, Exhibit 1), plaintiff was explicit in his request "I am requesting ... the entire file be released as soon as possible...." (Doc #1, Exhibit 1). Nonetheless, the BOP released 46 pages of documents rather than the requested materials. Plaintiff's Complaint in this action merely constitute three paragraphs (Doc #1) and the BOP cannot interpret same is kicking sand in this Court's eyes.

On September 16, 2006, plaintiff mailed to the Court "Plaintiff's Combined Affidavit, Objection to Defendant's Motion to Dismiss, Defendant's Statement of Material Facts not in Genuine Dispute, and Defendant's Memorandum" (Doc # Unknown), opposing defendant's bald assertions.

Now, defendant once again seeks a 30 days extension which plaintiff has to oppose. The defendant clearly failed to answer plaintiff's FOIA/PA request, then failed to properly conduct its search through its tardiness and dilatory behavior. Defendant had the Complaint which is three paragraphs and chose to do as they wish, which is the BOP way of doing business, because they have the entire U.S. Government to protect the corruption -- and only selective judges stand up to the BOP.

In plaintiff's September 16, 2006 Combined affidavit and objections (Doc# unknown), plaintiff pointed out how two forensic experts clearly contradicted the BOP intern's report and how the BOP and Parole Commission incorrectly used the inaccurate report to deny parole. Also, plaintiff clearly refers that BOP guards are liars at all levels and worse criminals than what they are keeping.

While plaintiff is aware this Court will grant the 30 days enlargement to defendant, this 30 days is excessive which plaintiff is opposing and the Court should deny same.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted

Larchmie Toolasprashad #10975-056
Bldg 5803, PO Box 7000
Ft Dix, NJ 08640

## CERTIFICATE OF SERVICE

I certify that a copy of "Plaintiff's Opposition to Defendant's Motion for Enlargement of Time" has been mailed postage prepaid by depositing same in the U.S. Mail on this the 3rd day of October, 2006, addressed as:

Marian L. Borum
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St, NW - Civil Division
Washington DC 20530

Larchmie Toolasprashad

2