UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATCHMIE TOOLASPRASHAD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-1187 (ESH) |
| ) | |
| v. ) | |
| ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTIONS TO
DEFENDANT'S MOTION TO DISMISS**

**I.  INTRODUCTION**

In a Complaint filed on June 29, 2006, plaintiff sought the production of records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a.  See Complaint, Docket Entry No. 1.  The records sought concerned documentation compiled in connection with plaintiff's psychological report, prepared between June 23, 2000 and July 11, 2000.  See id. at ¶ 2.  Plaintiff requested that the Bureau of Prisons ("BOP") release these documents "not to the plaintiff, rather to James Hilkey, Ph.D." Id. at ¶ 1.  By letter dated August 15, 2006, the BOP released forty-six (46) pages of responsive records to Dr. Hilkey.  See Defendant's Motion to Dismiss or, in the Alternative, For Summary Judgment, Exhibit 2 and Declaration of Kathleen Quigley ("First Quigley Dec.") ¶ 7, Docket Entry No. 9.

On or about September 21, 2006, plaintiff filed Plaintiff's Combined Affidavit, Objections to Defendant's Motion to Dismiss, Defendant's Statement of Material Facts Not in Genuine Dispute, and Defendant's Memorandum ("Objections to Motion to Dismiss").  See Docket Entry No. 14.  In this filing, plaintiff argues that the release of the forty-six (46) pages of

documents does not "end th[e] Court's inquiry" because the Bureau of Prisons is withholding "500 plus documents." Objections to Motion to Dismiss at p. 5. However, in response to plaintiff's objections to the motion to dismiss, "a search was conducted [by the BOP], specifically in an attempt to locate the '500 plus documents' . . . [and n]o such records were located." See Supplemental Declaration of Kathleen Quigley ("Supp. Quigley Dec.") at ¶¶ 6, 7, attached hereto as Exhibit 1.

## II.  LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is required where no genuine dispute exists as to any material fact and a party should prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id., 477 U.S. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find that the plaintiff is entitled to relief. In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on

an essential element of [his] case" to establish a genuine dispute. Id., 477 U.S. at 322-23.

In Anderson, the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the [non-moving party's] evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### B.    Summary Judgment In FOIA Cases

The summary judgment standards set forth above apply to FOIA cases, which are typically decided on motions for summary judgment. See Cappabianca v. Comm'r, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, a federal agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, has not been withheld, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dep't of State, 257

F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits (or declarations) if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'" McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); see Oglesby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)(In carrying its burden of proof, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.); Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1225, 1227 (9th Cir. 1991). See also Hayden v. National Security Agency, 608 F.2d 1384, 1387 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

### III.  ARGUMENT

Plaintiff argues that the BOP has not released "more than 500 plus documents [that plaintiff provided] to [a] psychology intern [about plaintiff's] military service, community service, BOP program completions/memorandums of commendation, etc." Complaint at p. 5. Therefore, the plaintiff claims, the release of the forty-six (46) pages does not "end the Court's inquiry." Id.  Plaintiff states that "the burden lies with the BOP to prove that the documents does (sic) not exist." Id.

However, under FOIA, the agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records. Weisberg v. Dep't of Justice, 745 F.2d

1476, 1485 (D.C. Cir. 1984); see, e.g., Oglesby, 920 F.2d at 68.  Although the adequacy of the search is "dependent upon the circumstances of each case," Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); accord Maynard v. CIA, 986 F.2d 547, 559 (1st Cir. 1993), the agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; Maynard, 986 F.2d at 559; SafeCard Servs. v. SEC, 926 F.2d 1197, 2101 (D.C. Cir. 1991).  In this connection, it is axiomatic that the fundamental question is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg, 745 F.2d at 1485; accord Nation Magazine v. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986).

In order to prove that its search was adequate, the agency's affidavit(s) should show "that the search method was reasonably calculated to uncover all relevant documents," and should "explain how the search was conducted." Oglesby, 920 F.2d at 68; and see Maynard, 986 F.2d at 559.  "Affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

The Supplemental Declaration of Karen Quigley explains in detail the search performed in response to plaintiff's request.  As indicated in the supplemental declaration, "[a]ll psychology records are maintained in a computer-based system." Supp. Quigley Dec. at ¶ 4.  "BOP psychology staff forward[ed] a complete copy of Plaintiff's entire psychology file contained in the Psychology Data System ("PDS")," id., which was then searched for records responsive to

plaintiff's FOIA request. Id.; see First Quigley Dec. ¶ 6. "[F]orty-six (46) pages of records, including a six page report prepared at FCI Petersburg, were sent to [Dr. Hilkey]." Id. at ¶ 5; see First Quigley Dec. ¶ 7.

In response to plaintiff's Objections to Motion to Dismiss, a renewed search was undertaken specifically to locate the "the '500 plus documents' that the plaintiff allege[d] were turned over to a psychology intern." Id. at ¶ 6. The search entailed a review of the PDS system; a hard copy and computer search "of the forensic evaluation cases conducted at FCI Petersburg", id. at ¶ 7; and a "search[ by the Chief Psychologist] of the 'internship file' maintained regarding the specific intern mentioned in the FCI Petersburg psychological report." Id. All of these searches revealed no additional records responsive to plaintiff's request. Id.

Once the agency has put forth an affidavit showing that its search was reasonable, it is plaintiff's obligation to show that the agency's search was not conducted in good faith. Maynard v. CIA, 986 F.2d at 560 (citation omitted). Beyond mere speculation that the requested records currently exist, plaintiff cannot make such a showing. A requestor's mere "speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." Steinberg, 23 F.3d at 552 (quoting Safecard Servs, 926 F.2d at 1201). See also Oglesby, 920 F.2d at 67 n.13 (finding that hypothetical "assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search."); Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 328 (D.C. Cir. 1999)("generalized claims of destruction or non-preservation cannot sustain summary judgment.") Moreover, nothing in the law requires the agency to document the fate of documents it cannot find. See Miller v. U.S. Dep't of State, 779 F.2d 1378, 1385 (8th Cir. 1985);

6

Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136 (1980)(FOIA does not obligate the Government to create records or to make explanations).

Therefore, the only documents in existence which are responsive to plaintiff's FOIA request were provided to Dr. Hilkey, as plaintiff requested. In a FOIA action, relief is available only when an agency has improperly withheld agency records. 5 U.S.C. §552(a) (4) (B). "[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'" Trueblood v. Dep't of the Treasury, 943 F.Supp. 64, 67 (D.D.C. 1996), quoting Crooker v. Dep't of State, 628 F.2d 9, 10 (D.C. Cir.1980); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982). Accordingly, because the BOP has fully performed its statutory duty and all responsive records have been released to plaintiff, this matter should be dismissed.

## CONCLUSION

For the reasons set forth above, in the Supplemental Declaration of Karen Quigley and in defendant's opening brief, defendant respectfully submits that plaintiff's Complaint should be dismissed. In the alternative, summary judgment should be granted in defendant's favor.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

**CERTIFICATE OF SERVICE**

  THIS IS TO CERTIFY that on this 6th day of November, 2006, a copy of the foregoing was sent

by First-Class Mail, postage prepaid, to:

Latchmie Toolasprashad
#10975-056
FCI Fort Dix
Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640


            /s/_____
            MARIAN L. BORUM
            Assistant United States Attorney