**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

Latchmie Toolasprashad,
    Plaintiff,

v.                                    Civil No. 1:06-CV-01187-ESH

Bureau of Prisons,
    Defendant,

SUPPLEMENTAL DECLARATION OF KATHLEEN QUIGLEY

I, Kathleen Quigley, under penalty of perjury do hereby declare, certify and state:

1. I am the Paralegal Specialist Trainee for the Federal Bureau of Prisons (hereinafter BOP), Northeast Regional Office, Philadelphia, Pennsylvania. As part of my official duties, I am responsible for responding to Freedom of Information Act requests made to the BOP for records maintained in the Northeast Region. I have access to and am responsible for maintaining the Freedom of Information Act and Privacy Act (hereinafter FOIA/PA) files for requests processed in this office.

2. I have reviewed the Plaintiff's combined affidavit, objections to defendant's motion to dismiss, defendant's statement of material facts not in genuine dispute, and defendant's memorandum filed by Latchmie Toolasprashad, Register

Number 10975-056, who is currently incarcerated at the Federal Correctional Institution (FCI), Fort Dix, New Jersey. He alleges in this filing the BOP has failed to provide him with approximately "500 plus documents" that he claims he turned over to a psychology intern.

3. A review of Request Number 2006-06400 reveals the Plaintiff specifically requested a copy of a psychological report prepared at the Federal Correctional Institution (FCI), Petersburg, West Virginia, between June 23, 2000, and July 11, 2000 and "his entire file". This request was interpreted to be limited to his psychology records.

4. The Bureau of Prisons conducted a systematic search by having BOP psychology staff forward a complete copy of Plaintiff's entire psychology file contained in the Psychology Data System (PDS). All psychology records are maintained in a computer-based system. Accordingly, these records were then reviewed in accordance with the provisions of the Freedom of Information Act.

5. By letter dated August 15, 2006, forty-six pages of records, including a six page report prepared at FCI Petersburg, were sent to a forensic psychologist identified by the Plaintiff. A copy of the letter, without attachments, was sent to the Plaintiff.

6. In response to the Plaintiff's recent filing, a renewed request was issued and a search was conducted, specifically in an attempt to locate the "500 plus documents" that the plaintiff alleges were turned over to a psychology intern.

7. No records were located. The search for these "500 plus documents" was requested via e-mail to the Chief Psychologist at FCI Petersburg. Through a series of e-mails, it was documented that in addition to reviewing the PDS system, the Chief Psychologist searched the "internship file" maintained regarding the specific intern mentioned in the FCI Petersburg psychological report. This file, maintained for accreditation purposes, is kept in a filing cabinet in the Psychology Services Department at FCI Petersburg. The file did not contain the "500 plus documents" referenced by the Plaintiff. The Chief Psychologist also had a search conducted (both computer and hard copy) of forensic evaluation cases conducted at FCI Petersburg in case the Plaintiff was there for such a study. No records were found.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2006

Kathleen Quigley
Paralegal Specialist Trainee
Federal Bureau of Prisons
Philadelphia, Pennsylvania