UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1187 (ESH) |
| BUREAU OF PRISONS, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

In this Freedom of Information Act case, plaintiff requested Bureau of Prisons ("BOP") records pertaining to his psychological report prepared at the Federal Correctional Institution ("FCI") in Petersburg, Virginia, between June 23, 2000 and July 11, 2000. The request, dated March 29, 2006, was forwarded to FCI Fort Dix, New Jersey, where plaintiff is incarcerated. By letter of August 15, 2006, BOP released 46 pages of records in their entirety. BOP moves to dismiss or for summary judgment on the ground that it has satisfied its obligations under the FOIA. Plaintiff counters that BOP has not accounted for "500 plus documents" that he had provided "to the psychology intern." (Pl.'s Opp'n [Dkt. No. 12] at 5.) Upon consideration of the parties' submissions and the entire record, the Court will deny defendant's motion for summary judgment and direct it to supplement the record.

Plaintiff's claim of omitted responsive records is in essence a challenge to BOP's search for records. The agency to which a FOIA request is submitted is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc., v.*

*Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted).  An inadequate search for records therefore constitutes an improper withholding under the FOIA.  *See Maydak v. U.S. Dep't. of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003) (citations omitted).  When the adequacy of an agency's search is challenged, the agency prevails on a motion for summary judgment if it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents."  *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith." *Id*. (citations and quotation marks omitted).  The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  Summary judgment may not be granted "if a review of the record raises substantial doubt" about the adequacy of the search. *Id.* at 326 (citing *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

Defendant does not describe the search in its opening brief and supporting declaration.  In its reply, defendant proffers the Supplemental Declaration of Kathleen Quigley, who is a paralegal specialist trainee at BOP's Northeast Regional Office in Philadelphia, Pennsylvania.  According to Quigley, BOP "conducted a systematic search by having BOP psychology staff forward a complete copy of Plaintiff's entire psychology file contained in the [computerized] Psychology Data System." (Quigley Supp. Decl. ¶ 4.)  Quigley does not describe the search that

yielded the forwarded records. Regarding the alleged additional records, Quigley avers that "[t]he search for these '500 plus documents' was requested via e-mail to the Chief Psychologist at FCI Petersburg." (*Id*. ¶ 7.) Quigley describes the search for records at FCI Petersburg that she claims was documented "through a series of e-mails" (*id*.), but she has not specified the search terms and has not produced the e-mails or the chief psychologist's affidavit identifying the search terms.

The record pertaining to the initial search is devoid of any evidence that describes the filing systems searched and the manner of the search. The record pertaining to the supplemental search is incomplete. Moreover, no one has averred that all files likely to contain responsive records were searched. Accordingly, it is

**ORDERED** that defendant's motion for summary judgment [Dkt. No. 10] is **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that within thirty (30) days of this Order, defendant shall supplement the record with a detailed description of the search for responsive records and, if appropriate, renew its motion for summary judgment.

                                         /s/
                          ELLEN SEGAL HUVELLE
                          United States District Judge

DATE: November 13, 2006