UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 22 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TOOLASPRASHAD,
    Plaintiff,

v.

BUREAU OF PRISONS,
    Defendant

CIVIL NO. 06-1187-ESH

PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION TO DISMISS

Plaintiff files this combined affidavit and objections and states:

Plaintiff requests of the Court to incorporate "Plaintiff's Combined Affidavit, Objections to Defendant's Motion to Dismiss, Defendant's Statement of Material Facts Not in Genuine Dispute, and Defendant's Memorandum" dated September 16, 2006 as part of plaintiff's response herein. (Docket # Unknown).

On November 16, 2006 about 9:00 p.m., plaintiff received "Defendant's Reply to Plaintiff's Objections to Defendant's Motion to Dismiss" (Doc. # Unknown), and on November 17, 2006 about 4:50 p.m., plaintiff received "Defendant's Notice of Filing of Supplemental Declaration." (Doc. # Unknown).

Defendant noted that only 46 pages of documents was released, as located, which shows the sloppiness of the BOP recordkeeping system. That is, in the past plaintiff has accused the BOP and its guards of corruption at all levels – from the top to the bottom – and is still asserting this out-of-control corruption, as repeatedly guards indicated they are protected by the government and Judiciary.

How is it that the psychology intern (Jaime Berry) prepared the 6-page psychological report and the 500 plus documents disappeared? The intern's inaccurate report was used by the U.S. Parole Commission to deny parole, although two leading forensic experts: Daniel Schwartz, M.D. and James Hilkey, Ph.D. (former Chief forensic psychologist

of FCI Butner, NC) contradicted the intern's report and, yet, the 500 plus documents disappeared. In fact, in an unrelated action the BOP and its guards deliberately, knowingly, intentionally in "retaliation" falsified and fabricated plaintiff's prison records that had grave consequences and adverse actions against him. Please see Toolasprashad v. Bureau of Prisons, et.al, 286 F.3d 576 (D.C. Cir. 2002). This action is now before the Third Circuit Court of Appeals, after venue was changed.

There are genuine questions as to the accuracy of the intern's report, as challenged by two leading forensic experts,[2] the whereabout of the 500 plus documents, and nowhere in the records by defendant any indication whether or not the defendant attempted to contact the psychology intern as to the records.

The defendant/BOP once again proves its sloppiness in record-keeping and using its false and inaccurate psychology intern's report to deny plaintiff parole, although contradicted by leading forensic experts in the field, and now defendant is willfully, intentionally and knowingly covering up for the psychology intern's inaccuracies and possibly destroying documents crucial to this action.[3]

The defendant only performing its statutory duty in covering up. Moreover, plaintiff had to initiate this FOIA/PA action because defendant/BOP refused to timely respond to his FOIA request/FOIA Appeal, violating statutory provisions and plaintiff is entitled to his filing fees and reasonable costs from the defendant. Had defendant timely respond to the FOIA/PA request, plaintiff would not have been required to initiate this action — then defendant outright lied about the sequence of events. The bottom line is defendant failed to follow statutory provisions in acknowledging the FOIA/PA request and appeal timely.

---

1, 2, 3

See "Plaintiff's Combined Affidavit, Objections to Defendant's Motion to Dismiss, Defendant's Statement of Material Facts not in Genuine Dispute, and Defendant's Memorandum" for detail explanation. (Doc. # Unknown).

2

In fact, to show a continuing pattern of non-compliance is of another prisoner in plaintiff's unit, Antonio Adams, wherein Mr. Adams filed an FOIA/PA request on March 14, 2006, an FOIA/PA appeal on May 10, 2006 which was received by the BOP on May 16, 2006 and according to Mr. Adams still received no response. (Exhibit 1). Plaintiff is merely mentioning Mr. Adams' situation to show the Court that plaintiff had no choice but to initiate this action to get defendant/BOP to get off their hands and perform its statutory duty. The defendant outright lied and deceived the Court about the sequence of events regarding plaintiff's FOIA/PA request. Moreover, had the defendant/BOP performed its statutory duty by merely acknowledging receipt of plaintiff's FOIA/PA request this action would not have been initiated. Hence, Mr. Adams has expressed genuine concern as to initiate an FOIA/PA action merely to get the defendant/BOP to acknowledge receipt of his FOIA/PA request. It is difficult to perceive that legal action has to be initiated merely to get prison guards to do their jobs.

Plaintiff should at least get his filing fees, copying and postage costs in this action, as he has clearly shown how the BOP does not follow statutory provisions — and the only way to get the BOP to acknowledge plaintiff's FOIA/PA request.

The defendant/BOP has frustrated plaintiff and he does not know how else to proceed and seeks the Court's intervention.

If the Court decides that defendant has conducted an adequate search, then the Court should at least grant plaintiff his filing fees and reasonable costs, as defendant genuinely created the initiation of this action based on their own violation of statutory provisions of time limitations in responding to FOIA/PA requests, another example is that of Mr. Adams' situation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Latchmie Toolasprashad 10975-056
Building 5803, PO Box 7000
Ft Dix, NJ 08640

Dated: November 18, 2006

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of "Plaintiff's Response to Defendant's Reply to Plaintiff's Objections to Defendant's Motion to Dismiss" has been mailed postage prepaid by depositing same in the U.S. Mail on this the 18th day of November, 2006, addressed as:

Marian L. Borum
Assistant U.S. Attorney
555 4th Street, NW, 4th Floor - Civil Division
Washington, DC 20530

_____
Latchmie Toolasprashad

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | .89c |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.64 |

ANTONIO ADAMS
15985045
58[Postmark Here]

Sent To: General Counsel
Street, Apt. No.; or PO Box No. F.O.I 320 First Street NW
City, State, ZIP+4 Washington DC 20534

PS Form 3800, June 2002        See Reverse for Instructions

7005 0390 0000 8728 0030

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

General Counsel
Bureau of Prison
Att: Freedom of info
320 First Street NW
Washington DC 20534

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☑ Agent / ☐ Addressee

B. Received by (Printed Name): S. Horton
C. Date of Delivery: 5-[illegible]

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service label)*

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Exhibit 1

March 14, 2006

General Counsel
Bureau of Prisons
320 First Street, NW
Washington, DC  20534

    RE;  Freedom of Information/Privacy Act Request

Dear sir/madam:

    This is a request pursuant to the Freedom of Information Act 5 U.S.C. § 552 and the Privacy Act 5 U.S.C. § 552a.

    On may 8, 2005, I was assaulted by several inmates at LSCI Allenwood without causation. I am requesting a copy of the investigative report and the names and register numbers of my assailants. Also, I am requesting copies of photographs taken by staff when I was taken to the medical department for treatment.

    As provided in the Freedom of Information Act, I expect to receive a reply within 10 working days of receiving this request. Since this is an unusual request the agency may take an additional 10 days.

    Thank you for your attention.

                                                Respectfully submitted,

                                              Antonio Adams
                                              Reg. No. 15965-045
                                              FCI Fort Dix
                                              Unit 5803
                                              PO Box 7000
                                              Fort Dix, NJ  08640

May 10, 2006

General Counsel
Bureau of Prisons
ATTN: FOIA/PA Branch
320 First Street, NW
Washington, DC 20534

   RE: FREEDOM OF INFORMATION/PRIvACY ACT APPEAL

Dear sir/madam:

  On March 14, 2006, I mailed to your office a request made pursuant to the Freedom of Information Act/Privacy Act seeking records about myself referenced when I was assaulted on May 8, 2005 at LSCI Allenwood. (Please see my request of May 14, 2006 attachedhereto.)

  As I failed to receive any reply concerning my request, I am treating your silence as a denial. This letter is my appeal to that denial.

  Enclosed please find a copy of my March 14, 2006 FOIA/PA requst to aid with your decision whether to comply or not.

  As provided in the Freedom of Information/Privacy Act, I expect a reply within 20 days of this appeal.

              Respectfully submitted,

              Antonio Adams
              Reg.No. 15965-045
              FCI Fort Dix
              Unit 5803
              PO Box 7000
Enclosure           Fort Dix, NJ  08640