UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LATCHMIE TOOLASPRASHAD,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1187 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| **BUREAU OF PRISONS,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Federal Bureau of Prisons ("BOP"), by and through undersigned counsel, respectfully renews its motion to dismiss plaintiff's claim in this case for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In the alternative, defendant moves for summary judgment because there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To facilitate review of this matter, the Court is respectfully referred to the Second Supplemental Declaration of Kathleen Quigley ("Second Supp. Quigley Dec."), Paralegal Specialist Trainee, Federal Bureau of Prisons, Northeast Regional Office, attached hereto as Exhibit 1; the Supplemental Declaration of Kathleen Quigley ("Supp. Quigley Dec."), which was filed with the Court on November 7, 2006 with Defendant's Reply to Plaintiff's Objections to Defendant's Motion to Dismiss; the First Declaration of Kathleen Quigley ("First Quigley Dec"), which was filed with the Court on September 5, 2006 with Defendant's Motion to Dismiss or, in the Alternative, For Summary Judgment; the Declaration of Dr. Robert Nagle ("Nagle Dec."), Chief of Psychology

Services, Federal Correctional Institution ("FCI"), Petersburg, Virginia, attached hereto as Exhibit 2; the Declaration of Robert Ferretti ("Ferretti Dec."), Case Manager, FCI Fort Dix, New Jersey, attached hereto as Exhibit 3; and attachments thereto as well as the entire record in this case. A proposed Order consistent with this Motion is attached hereto.

Plaintiff, who is proceeding *pro se*, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATCHMIE TOOLASPRASHAD, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>_____ ) | No. 06-1187 (ESH) |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Civil Rule 7(h), defendant hereby submits the following Statement of Material Facts Not In Genuine Dispute:

1. By letter dated March 29, 2006, to the General Counsel of the Bureau of Prisons ("BOP"), plaintiff requested that the BOP release a copy of his psychological report to James Hilkey, Ph.D., "retired chief forensic psychologist" at the Federal Correctional Institution at Butner, North Carolina.[1] Complaint ¶ 1 and Plaintiff's Exhibit 1; see Declaration of Kathleen Quigley ("First Quigley Decl.") ¶ 3 and Exhibit 1.

2. BOP forwarded plaintiff's March 29, 2006 letter to the BOP's Northeast Regional Office, and assigned it Request Number 2006-06400. First Quigley Decl. ¶ 4.

3. By letter dated April 19, 2006, to the General Counsel of the BOP, plaintiff indicated that he was "treating [the BOP's failure] to respond as a denial of his request." Id. ¶ 3 and Plaintiff's Exhibit 2. Plaintiff noted his appeal. See id.

---

[1] Specifically, in his request plaintiff stated: "Between June 23, 2000 and July 11, 2000, a psychological report was prepared at FCI Petersburg on myself for the U.S. Parole Commission. I am requesting that a copy of all testing compilation, notes of assessment, instruments and evaluative procedures of testing/notes/interviews, etc[.], as well as the entire file be released as soon as possible . . . ." Complaint ¶ 2.

4. On or about June 5, 2006, the BOP's Northeast Regional Office sent a request for responsive documents to the Federal Correctional Institution at Fort Dix, New Jersey. First Quigley Decl. ¶ 6.

5. On June 30, 2006, plaintiff filed the instant Complaint. See Complaint.

6. By letter dated August 15, 2006, forty-six (46) pages of responsive records were sent to the forensic psychologist identified by plaintiff. First Quigley Decl. ¶ 7 and Exhibit 2.

7. On September 5, 2006, defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. See R. 9.

8. On September 21, 2006, plaintiff filed an opposition to defendant's motion to dismiss. See R. 12.

9. On November 6, 2006, defendant filed a Reply to Plaintiff's Opposition. See R. 16.

10. On November 13, 2006, the Court issued a Memorandum Opinion and Order denying without prejudice Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, and directing Defendant to supplement the record within thirty (30) days. See R. 18.

11. By letter dated December 4, 2006, defendant released 123 pages of documents to the forensic psychologist identified by plaintiff. Second Supplemental Quigley Declaration ("Second Supp. Quigley Dec.") ¶ 11 and Exhibit 7.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LATCHMIE TOOLASPRASHAD,** ) | |
| ) | |
| Plaintiff, ) | No. 06-1187 (ESH) |
| v. ) | |
| ) | |
| **BUREAU OF PRISONS,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

In a Freedom of Information Act ("FOIA") request dated March 29, 2006, plaintiff requested that the Bureau of Prisons ("BOP" or "Defendant") release his psychological report, prepared between June 23 and July 11, 2000, to Forensic Psychologist James Hilkey.  As set forth in the First Declaration of Kathleen Quigley, on August 15, 2006, the BOP provided the requested records to Dr. Hilkey.  First Declaration of Kathleen Quigley ("First Quigley Dec.") ¶ 7 and Exhibit 2.  Nevertheless, plaintiff maintained that there were "500 plus documents" outstanding, and alleged that the BOP was withholding them.  See Plaintiff's Opposition to Defendant's Motion to Dismiss (Pltf's Opp.") at p. 5. The defendant conducted an additional search and released 123 pages of documents.  Ferretti Dec. ¶¶ 3, 4; Second Supplemental Quigley Declaration ("Second Supp. Quigley Dec.") ¶¶ 10, 12 and Exhibit 7.

**I. FACTS**

Defendant hereby incorporates its Statement of Material Facts Not in Genuine Dispute, filed together with this memorandum.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss

Defendant moves for dismissal under Rule 12(b)(6), as the plaintiff fails to state a claim upon which relief can be granted.  Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the "[p]laintiffs can prove no set of facts in support of their claim which would entitle them to relief."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  The Court must resolve all factual doubts in favor of the plaintiff and allow the plaintiff the benefit of all inferences.  See Equal Employment Opportunity Comm'n. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in plaintiff's favor.  Kowal, 16 F.3d at 1276.  While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint.  Kowal, 16 F.3d at 1276.  Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts.  Taylor v. Fed. Deposit Ins. Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); Nat'l Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations."  Kowal, 16 F.3d at 1276; see Papasan v. Allain, 478 U.S. 265, 286 (1986).

2

B.   **Summary Judgment**

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. In Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.

In Anderson the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to

3

find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. See Cappabianca v. Comm'r, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. U.S. Internal Revenue Serv., 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit an agency is entitled to summary judgement once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. U.S. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

### III. ARGUMENT

#### A. Search Conducted

In his Complaint, plaintiff indicated that,

> Between June 23, 2000 and July 11, 2000, a psychological report was prepared at FCI Petersburg on myself for the U.S. Parole Commission. I am requesting a copy of all testing compilation, notes of assessment, instruments and evaluative procedures of testing/notes/interviews, etc[.], as well as the entire file be released [to Dr. Hilkey.]"

Complaint at p. 2. In response to plaintiff's request, the BOP sent a "request for responsive documents . . . to FCI Fort Dix [to conduct a search for responsive records]." First Quigley Dec.

4

¶ 6.  The "psychology staff forward[ed] a complete copy of Plaintiff's entire psychology file, contained in the Psychology Data System ('PDS')."[2]  Supp. Quigley Dec. ¶ 4.  The search, conducted "in accordance with provisions of the Freedom of Information Act[,] . . . revealed forty-six (46) pages of records.  Id. at ¶¶ 4, 5; First Quigley Dec. ¶ 7.  These records were provided to the forensic psychologist identified by plaintiff.  Id. at ¶ 5; First Quigley Dec. ¶ 7 and Exhibit 2; Second Supp. Quigley Dec. ¶ 6 and Exhibit 5.

In his opposition, Plaintiff complained that he "provided more than 500 plus documents to [a] psychology intern [regarding] his military service, community service, BOP program completions/memorandums of commendations, etc."  Pltf's Opp. at p. 5.  He accused the BOP of withholding the "500 plus documents."  Id.

In response to plaintiff's opposition, defendant contacted the Chief Psychologist at FCI Petersburg, Dr. Robert Nagle, to request "information as to whether or not the 500 plus documents . . . were maintained in a system of records at FCI Petersburg."  Nagle Dec. ¶ 5; see Supp. Quigley Dec. ¶7.  Dr. Nagle was directed to conduct a search for the records and respond.  Nagle Dec. ¶ 5.

On or about October 20, 2006, using plaintiff's Register Number, Dr. Nagle "conducted an electronic search of the complete copy of plaintiff's entire psychology file contained in the PDS."  Id. at ¶ 6.  Dr. Nagle did not locate any of the "500 plus documents" the plaintiff allegedly provided to an intern.  Id.  Although plaintiff's psychological evaluation was not conducted on the premises of FCI Petersburg, Dr. Nagle conducted a computer search of the

---

[2]The Psychology Data System is a BOP electronic database which contains all psychology records on inmates.  See Supp. Quigley Dec. ¶ 4.

forensic evaluation cases conducted at FCI Petersburg,[3] as well as a search of each of the file folders maintained on these cases. Id. at 8. These searches also did not reveal the "500 plus documents." Id. Finally, Dr. Nagle conducted a page-by-page search of the 'internship file' maintained on each of the four interns who participated in an internship at FCI Petersburg during the summer of 2000.[4] Id. at ¶ 7. The internship files "did not contain the '500 plus documents' referenced by the Plaintiff." Id.

Dr. Nagle indicated that "it is not normal procedure at FCI Petersburg for Psychology Services staff to accept [such] documents from an inmate. [Moreover, i]f an inmate had presented a set of documents to [the] staff, [the documents] may have [been] reviewed . . . but [the staff] would have no reason to keep them." Id. at ¶ 9. Further, there was "no report or any evidence that the Plaintiff had provided these documents to any staff member in the Psychology Services Department at FCI Petersburg." Id.

According to Bureau of Prisons Program Statement 5800.11, Central File, Privacy Folder, and Parole Mini-files, psychology records are not maintained in an inmate's Central File. Second Supp. Quigley Dec. ¶ 9 and Exhibit 6. In addition, "an inmate has access to documents maintained in his Central File . . . ." Id. Nevertheless, plaintiff's Central File was searched for the "500 plus documents" he requested. Id. at ¶ 10. This page-by-page search was conducted by Plaintiff's Case Manager, Robert Ferretti. Ferretti Dec. ¶¶ 3, 4; Second Supp. Quigley Dec. ¶ 10. This search revealed 123 pages of military documents. Id. at ¶ 4; Second Supp. Quigley Dec. ¶

---

[3] The computer search was conducted using plaintiff's Register Number.

[4] For American Psychological Association accreditation purposes, an internship file was "maintained on each individual who participate[d] in [the] internship at FCI Petersburg." Nagle Dec. ¶ 7.

11. Although these pages may not be the documents regarding plaintiff's military service that he allegedly provided to the psychology intern, see Pltf's Opp. at p. 5, by letter dated December 4, 2006, the 123 pages of documents "were forwarded to [the] Forensic Psychologist previously identified by Plaintiff." Second Supp. Quigley Dec. ¶ 10 and Exhibit 7.

      **B. Adequacy of the Search**

Under FOIA an agency has a duty to conduct a "reasonable" search for responsive records. See, e.g., Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. Dep't of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). Although the adequacy of the search is "dependent upon the circumstances of each case," Truitt v. U.S. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); accord Maynard v. CIA, 986 F.2d 547, 559 (1st Cir. 1993), the agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; Maynard, 986 F.2d at 559; SafeCard Servs. v. SEC, 926 F.2d 1197, 2101 (D.C. Cir. 1991). In this connection, it is axiomatic that the fundamental question is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); accord Nation Magazine v. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986). In order to prove that its search was adequate, the agency is entitled to rely upon affidavits, provided that they are "relatively detailed, nonconclusory, and submitted in good faith." Pollack v. Bureau of Prisons, 879 F.2d 406, 409 (8th Cir. 1989); accord Weisberg, 705 F.2d at 1351; Perry v. Block, 684 F.2d 121, 127 (D.C. Cir.

Case 1:06-cv-01187-ESH   Document 20   Filed 12/13/2006   Page 14 of 19

1982) ("affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA"). Such affidavits should show "that the search method was reasonably calculated to uncover all relevant documents," and should "explain how the search was conducted." Oglesby, 920 F.2d at 68; see Maynard, 986 F.2d at 559.

   The declarations of Kathleen Quigley, Robert Nagle and Robert Ferretti explain in detail the adequate searches performed in response to plaintiff's request. According to the Quigley Declarations, using the BOP's Psychology Data System, a complete copy of plaintiff's psychological file was obtained and searched for records responsive to plaintiff's request. Supp. Quigley Dec. ¶ 4. The search revealed forty-six (46) pages of records which were provided to the forensic psychologist as requested by plaintiff. First Quigley Dec. ¶ 7; Second Supp. Quigley Dec. ¶ 6 and Exhibit 5. According to the Nagle Declaration, an electronic search in PDS was conducted to specifically locate the "500 plus documents." However, they were not located. Nagle Dec. ¶ 6. Dr. Nagle also conducted a computer search as well as a search of each of the file folders maintained on the forensic evaluation cases conducted at FCI Petersburg. Id. at ¶ 8. This search did not reveal the "500 plus documents." Finally, Dr. Nagle conducted a page-by-page search of the internship files maintained on each intern working at FCI Petersburg during the summer of 2000. He did not locate the "500 plus documents." Id. at ¶ 7.

   In an effort to demonstrate the good faith basis of its search, the BOP also searched a location where an inmate's psychological records are not maintained, the inmate's Central File. Second Supp. Quigley Dec. ¶¶ 9, 10. According to the Ferretti Declaration, plaintiff's Central File was searched and 123 pages of military documents were located. Ferretti Dec. ¶¶ 3, 4.

8

These documents were provided to the forensic psychologist identified by plaintiff.  Second Supp. Quigley Dec. ¶ 11 and Exhibit 7.

### C. Defendant Has Released the Requested Records

The Freedom of Information Act allows a Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency.  5 U.S.C. § 552(a)(4)(B). "[I]t is well established that under . . . FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'"  Trueblood v. U.S. Dep't of Treasury, 943 F.Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. U.S. Dep't of State, 628 F.2d 9, 10 (D.C. Cir. 1980)); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987).  As explained by the D.C. Circuit, "[h]owever fitfull or delayed the release of the information . . . if we are convinced that [the agency] belatedly released all non-exempt material, we have no further judicial function to perform under the FOIA."  Tijerina, 821 F.2d at 799 (quoting Perry, 684 F.2d at 125 ("We are not authorized to make advisory findings of legal significance on the character of the agency conduct vis-a-vis any requester of information.")).  See also Northwest Coal. for Alternatives to Pesticides v. U.S. Env't Prot. Agency, No. 99-0437 (EGS), 2005 WL 607876, *3 (D.D.C. Mar. 16, 2005) ("In the instant case, the plaintiff has successfully obtained all of the documents to which it is entitled under FOIA and there is no more for the Court to do . . . . Therefore, defendant's motion for summary judgment is GRANTED.").  The reason for this requirement is simple - - "[a] FOIA action is designed to remedy the improper withholding of documents and to compel their disclosure; it does not provide an after-the-fact remedy once documents have been released, however tardily."  Landmark Legal Found. v. Env't Prot. Agency,

272 F. Supp. 2d 59, 69 (D.D.C. 2003); Atkins v. Dep't of Justice, No. 90-5095, 1991 WL 185084, *1 (D.C.Cir. Sept. 18, 1991) ("The question whether DEA complied with the Freedom of Information Act's (FOIA) time limitations in responding to Aaron Atkins' request is moot because DEA has now responded to this request."); Trueblood, 943 F. Supp. at 67 ("Regardless of how long it took the defendant to comply with a plaintiff's FOIA request, the case or controversy evaporates when the documents are released.").

In the matter at hand, pursuant to FOIA, plaintiff requested that the BOP release plaintiff's psychological report to Dr. James Hilkey. On August 15, 2006, defendant provided Dr. Hilkey with plaintiff's psychological records which consisted of forty-six (46) pages. First Quigley Dec. ¶ 7 and Exhibit 2. An additional search for the "500 plus documents" in PDS, forensic evaluation file folders as well as the internship files did not reveal any additional records. See Nagle Dec. ¶¶ 6-8. A search of plaintiff's Central File revealed 123 pages of military records which were provided to Dr. Hilkey. Second Supp. Quigley Decl. at ¶¶ 10, 11 and Exhibit 7; Ferretti Dec. ¶ 4. Therefore, plaintiff cannot establish the BOP failed to adequately search for, and produce, records responsive to his request. In fact, it is unclear if these newly discovered 123 pages of military records are even responsive to plaintiff's request but, in an abundance of caution, they were provided as an act of good faith.

Once the agency has put forth an affidavit showing that its search was reasonable, it is plaintiff's obligation to show that the agency's search was not conducted in good faith. Maynard, 986 F.2d at 560 (citation omitted). Beyond mere speculation that the requested records currently exist, plaintiff cannot make such a showing. A requestor's mere "speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a

10

reasonable search for them." Steinberg, 23 F.3d at 552 (quoting Safecard Servs, 926 F.2d at 1201). See also Oglesby, 920 F.2d at 67 n.13 (finding that hypothetical "assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search."). Moreover, nothing in the law requires the agency to document the fate of documents it cannot find. See Miller v. U.S. Dep't of State, 779 F.2d 1378, 1385 (8th Cir. 1985); Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136 (1980)(FOIA does not obligate the Government to create records or to make explanations).

Therefore, the only documents in BOP's possession which are responsive (or potentially responsive) to plaintiff's FOIA request were provided to Dr. Hilkey, as plaintiff requested. In a FOIA action, relief is available only when an agency has improperly withheld agency records. 5 U.S.C. §552(a)(4)(B). Here, the records were produced and the substance of the controversy has become moot because "disclosure which the suit s[ought] has . . . been made.'" Trueblood, 943 F.Supp. at 67 (quoting Crooker, 628 F.2d at 10; see also Perry, 684 F.2d at 125. Accordingly, defendant has fully performed its statutory duty and all responsive records have been released to plaintiff.[5]

---

[5]Plaintiff's remaining claim for costs must fail. See Complaint, Relief Requested ¶¶ 2 - 4. "The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section [5 U.S.C. § 552] in which the complainant has substantially prevailed." 5 U.S.C. § 551a(4)(E). Such relief is, however, not available to the plaintiff. See Oil, Chemical & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452, 456-57 (D.C. Cir. 2002)("in order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree.") (citing Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 603 (2001)); see also Kay v. Ehler, 499 U.S. 432 (1991) (5 U.S.C. § 552(a)(4)(E) does not authorize the award of fees to a *pro se* non-attorney plaintiff); Benavides v. Bureau of Prisons, 993 F.2d 257, 259 (D.C. Cir. 1993).

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's Complaint should be dismissed because plaintiff failed to state a claim upon which relief can be granted.  In the alternative, summary judgment should be granted in defendant's favor.

        Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on this 13th day of December, 2006, a copy of the foregoing was sent by First-Class Mail, postage prepaid, to:

Latchmie Toolasprashad
#10975-056
FCI Fort Dix
Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640


/s/
MARIAN L. BORUM
Assistant United States Attorney