UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

Latchmie Toolasprashad,
    Plaintiff,

v.

Civil No. 1:06-CV-01187-ESH

Bureau of Prisons,
    Defendant,

SECOND SUPPLEMENTAL DECLARATION OF KATHLEEN QUIGLEY

I, Kathleen Quigley, under penalty of perjury do hereby declare, certify and state:

1. I am the Paralegal Specialist Trainee for the Federal Bureau of Prisons (hereinafter BOP), Northeast Regional Office, Philadelphia, Pennsylvania. As part of my official duties, I am responsible for responding to Freedom of Information Act requests made to the BOP for records maintained in the Northeast Region. I have access to and am responsible for maintaining the Freedom of Information Act and Privacy Act (hereinafter FOIA/PA) files for requests processed in this office.

2. I am aware that Latchmie Toolasprashad, Federal Register Number 10975-056, who is currently incarcerated at the Federal

1

Correctional Institution (FCI), Fort Dix, New Jersey, has filed the above-captioned lawsuit. He alleges, in part, that the BOP has failed to provide him with approximately "500 plus documents" that he claims he turned over to a psychology intern while he was housed at FCI Petersburg.

3. A review of the FOIA request reveals that the Plaintiff requested copies of psychological records, including a report prepared at FCI Petersburg between June 23, 2000, and July 11, 2000.

4. On or about June 5, 2006, a request for responsive documents was forwarded via e-mail to BOP psychology staff. A true and correct copy of this e-mail is attached hereto as Exhibit 1.

5. Psychology records are maintained in a computer-based system referred to as Psychology Data System (PDS). The PDS documents regarding Latchmie Toolasprashad were forwarded to me via e-mail on June 5, 2006. A true and correct copy of this e-mail is attached hereto as Exhibit 2.

6. On July 21, 2006, an additional request was forwarded to FCI Fort Dix for the psychological report that was prepared at

2

FCI Petersburg for the U.S. Parole Commission. A true and correct copy of this e-mail is attached hereto as Exhibit 3. On July 27, 2006, the psychological report was forwarded to this office via facsimile. A true and correct copy of the facsimile cover sheet is attached hereto as Exhibit 4. The documents were received, reviewed and processed in accordance with the Bureau of Prisons guidelines for Freedom of Information Act requests. A true and correct copy of the cover letter is attached hereto as Exhibit 5.

7. In response to a supplemental filing of the Plaintiff's, a renewed request was issued and a search was conducted, specifically in an attempt to locate the "500 plus documents" that the Plaintiff alleges were turned over to a psychology intern. As stated in my "Supplemental Declaration" dated November 7, 2006, the search for these "500 plus documents" was requested via e-mail to the Chief Psychologist at FCI Petersburg.

8. I am aware that the Chief Psychologist at FCI Petersburg is providing a declaration detailing the search procedures and results utilized at FCI Petersburg.

9. Bureau of Prisons Program Statement 5800.11, <u>Central File, Privacy Folder, and Parole Mini-files</u>, details the types of records maintained in an inmate's Central File. A true and

3

correct copy of the Program Statement is attached hereto as Exhibit 6. As supported by a review of the Program Statement, an inmate's Central file does not ordinarily include psychology records. Furthermore, an inmate has access to documents maintained in his Central File (except those noted as FOIA Exempt) through the established local review and request procedures.

10. The initial FOIA request was limited to a search of the locations likely to lead to the recovery of psychological records. The supplemental search described in my "Supplemental Declaration" dated November 7, 2006, was conducted to lead to the recovery of the "500 plus documents". In response to the Court's most recent order a decision was made to search additional systems of records for potentially responsive records. As such, a search of the Plaintiff's Central File for the presence of the "500 plus documents" was conducted by the Plaintiff's Case Manager.

11. One hundred twenty-three pages of military documents were located in a section of the Central File accessible to the Plaintiff through local review procedures. By letter dated December 4, 2006, a supplemental FOIA request was processed and these 123 pages of documents were forwarded to a Forensic Psychologist previously identified by Plaintiff. A copy of the

4

cover letter was also sent to the Plaintiff. A true and correct copy of the cover letter is attached hereto as Exhibit 7.

12. I aver that all files likely to contain records responsive to the Plaintiff's request for "500 plus documents" were searched. As detailed in the three declarations that have been submitted, with attachments, responsive records have been released.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 4, 2006

*Kathleen Quigley*
Kathleen Quigley
Paralegal Specialist Trainee
Federal Bureau of Prison
Philadelphia, Pennsylvania