RECEIVED

DEC 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOOLASPRASHAD,

   V.

BUREAU OF PRISONS

CIVIL NO. 06-1187-ESH

## PLAINTIFF'S NOTICE OF CONTROLLING AUTHORITIES

In reference to "Plaintiff's Combined Motion and Amended Complaint to Add Claim and Defendants," this notice of controlling authorities is submitted.

While plaintiff does not know if the below authorities control his amended complaint, if the Court does not agree, plaintiff request _sua sponte_ application of the proper authorities to allow this amended complaint to proceed.

The BOP and United States Parole Commission (USPC), along with individual parole examiners, utilized a false, inaccurate, and misleading psychology intern's report to deny parole. Based on the false report an adverse determination has been made against plaintiff to deny him parole without justification, even after two leading forensic experts with 70 plus years combined experience refuted the intern's report. The challenged information is easily verifiable through the two experts' reports.

_Sellers v. Bureau of Prisons_, 959 F.2d 307, 312 (1992), "As long as the information contained in an agency's files is capable of being verified, then, under Sections (e)(5) and (g)(1)(C) of the Act, the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual. If the agency willfully or intentionally fails to maintain its records in that way and, as a result, it makes a determination adverse to an individual, then it will be liable to that person for money damages."

The information regarding the false, inaccurate and misleading intern's report was and is easily verifiable through the two leading forensic experts' reports with combined 70 plus years experience: Dr. Schwartz, a retired professor of forensic psychiatry, who examined more than 1,000 murderers; and Dr. Hilkey[1], former chief

_____
[1] Dr. Hilkey was one of the forensic expert who examined John Hinkley, who had shot President Ronald Reagan. In fact, Dr. Hilkey and a team of mental health experts initially examined plaintiff in 1986 or 20 years ago -- when post-traumatic stress Disorder (PTSD) wasn't a recognized ailment -- which plaintiff inherited from his military service.

forensic psychologist of FCI Butner, NC. Instead the USPC utilized the intern's report to deny parole, while completely excluding and ignoring the two forensic experts' report. (Please see the enclosed amended complaint for details.)

Hence, the intern's report was deliberately and intentionally falsified based on retaliation for plaintiff filing several requests and grievances, specifically a Dr. Drew Kerr, who repeatedly and openly lied about writing the report and submitting same to the USPC by its May 1, 1999 deadline. Because of the requests/grievances (see ¶ 8 at pgs 3-4 of the attached amended complaint), plaintiff was retaliated/transferred to FCI Petersburg, VA, where the report was prepared by an intern. Then plaintiff was retaliated against when he mentioned about BOP policy (see the attached amended complaint at ¶¶ 22-25 at pgs 7-9).

Because plaintiff was agreed to speak further, his speech was chilled, preventing him from defending himself and the records was deliberately and knowingly falsified to retaliate. Toolasprashad v. Bureau of Prisons, 286 F.3d 576 (D.C. Cir. 2002).

In Gambino v. Morris, 134 F.3d 156 (3d Cir. 1998) the court held there was no rational basis to deny parole, and in plaintiff predicament there is absolutely no rational basis to deny him parole. As in Jones v. Ray, 279 F.3d 944 (11th Cir. 2001), the use of false information in a parole file can be a due process violation, but such a claim cannot be conclusory and must specify the false information.

In plaintiff's predicament he clearly pointed out the false, inaccurate, and misleading intern's report versus two leading forensic psychologist/psychiatrist with combined 70 plus years' experience that contradicted the intern. But the one-person parole board gave more credibility to the intern than the two experts. Moreover, the bias and prejudiced parole examiner prevented plaintiff from speaking through her hostility, belligerence and intimidation.

If the plaintiff authorities are incorrect, he respectfully requests of the Court to apply sua sponte the applicable authorities to allow this amended complaint to proceed as a 5 U.S.C. § 552a Privacy Act violation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Latchmie Toolasprashad
# 10975-056
Building 5803
PO Box 7000
Ft. Dix, NJ 08640

December 9, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of "Plaintiff's Notice of Controlling Authorities" has been mailed postage prepaid by depositing same in the U.S. Mail on this the 9th day of December, 2006, addressed as:

Marian L. Borum
Assistant U.S. Attorney
555 Fourth St, NW
Room 481
Washington, DC 20530