# ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
## INFORMAL RESOLUTION FORM (BP-8)

<u>NOTE TO INMATE:</u>    You are advised that prior to receiving and filing a request for administrative remedy Form BP-229 (old BP-9), you <u>MUST</u> ordinarily attempt to informally resolve your complaint through your Correctional Counselor.  Briefly state <u>ONE</u> complaint below and list what efforts you have made to resolve your complaint informally and state names of staff contacted.  As stated above, there are situations when an inmate does not have to attempt informal resolution. Date form issued and initials of Correctional Counselor: _10/11/05_

<u>INMATE'S COMMENTS:</u>

1.   Complaint: Mr. Watford is allowing his Law Clerks to charge inmates for legal work. (see attached for continuation)

2.   Efforts made by you to informally resolve: Spoke with Mr. Watford personally and was ignored.

3.   Name of staff you contacted: Mr. Watford

Date returned to Correctional Counselor: _____

JAMES H. Bendynn          40866-050    10/11/0
Inmate's Name              Reg. No.        Date

<u>CORRECTIONAL COUNSELOR'S COMMENTS:</u>

1.   Efforts made to informally resolve and staff contacted:

Please see Attached response to your issue

Date Informally Resolved: _____  Signature: _____ 10/2/06
                OR                              Counselor      Date
Date BP-229(13) Issued: _____    _____
                                              Unit Manager Date

If complaint is <u>NOT</u> informally resolved: forward original attached to BP-229(13) form to the Warden's Secretary.

Returned to inmate c/o 10/25/05.

EXHIBIT 1

page 1 of 2

James H. Bendyna
40866-050   10/11/05
BP-8

This complaint is filed against Mr. Watford and other Educational Staff members ie, Mr. Naylor, Ms. Carter, and other Staffs.

It is a known fact that the Law Clerks working in the Law Library are charging between $300. to $3,000 to help other inmates with their legal work. Mr. Watford and other Staff members at the Educational Department are fully aware of this. Mr. Watford obviously sanctioned his Law Clerks taking money from the inmate population to do Legal Work.

I've personally spoke to Mr. Watford about this matter and he ignored me.

The way payments are made is that the money has to be sent to the wives or other Family members of the Law Clerks.

Another problem is that Mr. Watford is allowing the Law Library to run like a ZOO, it's noisy, inmates are sitting at the tables discussing movies, Sports, and videos; because there is no supervision. Also the Law Clerks close the Law Library early almost every Night, As though they have somewhere to go other than the prison.

If any form of retaliation is taken against me it will be raised in a civil rights law suit; and, in any event I will raise the issue in a law suit how Mr. Watford is allowing his Law Clerks to charge inmates in the population to do Legal Work...

Page 2 of 2

James H. Beadyna
40866-050    10/11/05
BP-8

... Since MR. Watford is aware that his Law Clerks are charging inmates to do Legal Work And is allowing it; I'm requesting MR. Watford be removed As Supervisor of Education And that All Law Clerks be re-assigned to prevent them from further charging inmates in Population.

I draw your Attention to Hivebaugh v. Wiley, 137 F. Supp. 2d 68, 79 (N.D. NY 2001), protects my speech in this grievence.

Response to Informal Resolution Effort of Administrative Remedy
Request (BP-8)


Name: Bendyna, James                    Date: October 22, 2005
      Reg. #40866-050


The following is a response to your BP-8 form wherein you
complained of certain improprieties by Mr. Watford, Education
Department Supervisor.

Mr. Watford stated that the allegation of his consenting to the
law library clerks preparing legal documents for profit is
absurd.  This issue is of great concern to staff as it is
suspected that such activities are clandestinely taking place.
Unfortunately, staff are not always able to detect those who
engage in this illicit conduct.

Mr. Watford believes that you appear to be equally opposed to
inmates committing this offense and suggests that you reveal
specific information such as the inmate names and manner by which
they conduct their business.  With your input, staff will
investigate and take the appropriate action where necessary.

In regards to your claim of early closure of the law library and
lack of supervision.  The law library clerks are not permitted to
arbitrarily close the law library before the designated time.

Although there has not been any complaints from other inmates,
discussion will be raised with the clerks to assure their
adherence to the library schedule.

Finally, Mr. Watford states that education staff provide
effective supervision to detect and correct the disturbing
behavior of inmates who fail to comply with the rules of the
library environment.


                              H. Thompson,
                              Correctional Counselor, 5802

REQUEST FOR ADMINISTRATIVE REMEDY

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Bendyna, James H. | 40866-050 | 5802 | Fort Dix |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** Although it is gratifying that staff finally acknowledge there is a problem with the inmate law clerks charging inmates to prepare legal documents, I am filing this appeal because Mr. Watford has done nothing to stop his law clerks from doing so. The response did not, however, address the complaint.

In the past I personally spoke with Mr. Watford and other Education staff members about the law clerks are charging outrageously the population to help them. In my BP-8 I asserted that law clerks charged between $300-$3000, and means of payment is that the money is being sent to the wives or other family members. Other inmates are afraid to speak up because we have to live here.

All of the law clerks with the exception of Villa and Durante are charging to do legal work, and I have indicated who are doing what. In fact, Mr. Watford's head law clerk is the main one who are charging inmates and the money is sent to his wife.

When the law library is run without supervision and is like a zoo, is noisy, inmates are discussing sports, movies, video, etc. Also, the law clerks close the law library early almost every night, as though they have somewhere to go.

To alleviate the problem of the law clerks running a business, by charging inmates to help them with thier legal work, the right thing for Mr. Watford to do is to change all of the law clerks.

DATE 10/28/05

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 394050-F-1

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUT

SUBJECT: _____

DATE _____    RECIPIENT'S SIGNATURE (STAFF MEMBER)    BP-229(13)
                                                        APRIL 1982

BENDYNA, James H.
Register No. 40866-050
Remedy No. 394050-F1

## PART B - RESPONSE

This is in response to your Request for Administrative Remedy, wherein you allege inmates working in the law library are charging inmates to prepare legal documents.

Your allegations concerning inmate law clerks charging inmates to prepare legal documents have been referred to the proper authorities and are being investigated. The results of this investigation will not be disclosed to you. Any action deemed appropriate will be taken. This response to your request for relief is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Northeast Regional Director, Federal Bureau of Prisons. Your appeal must be received in the Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

_____          11/4/05
John Nash, Warden                        Date

BP-A148.055
SEP 98

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

**INMATE REQUEST TO STAFF**

| TO:(Name and Title of Staff Member)<br>Warden Samuels, FCI Fort Dix | DATE: February 19, 2006 |
|---|---|
| FROM:<br>Bendyna, James H. | REGISTER NO.: 40866-050 |
| WORK ASSIGNMENT: CS-1 | UNIT: 5802 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request. In BP-9 # 394050-F1 responded by former Warden Nash on November 4, 2005, he informed me that an
investigation is being conducted. Please see attached BP-9. I must point out that Education Staff are fully aware that the
law clerks are still charging inmates for helping them with legal work. I addressed this matter and gave Mr. Watford an
opportunity to fix the problem. I am now bringing it to you before I take it to my Congressman and file a law-suit.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

**SECTION 6**


EXHIBIT 2

Inmate Name: Bendyna, James
Reg. No.:  40866-050
Unit:  5802
Date:  March 15, 2006

This is in response to your Inmate Request to Staff dated
February 19, 2006, wherein you are alleging the Supervisor of
Education and other staff assigned to the department are allowing
illegal activities in the law library.  Specifically, you allege
inmates are providing legal assistance for profit and the
Supervisor of Education is aware of the illegal operation.  In
addition, you allege you spoke directly with the Supervisor of
Education regarding this matter and was ignored.

As referenced in Administrative Remedy 394050-F1, your
allegations concerning inmate law clerks charging inmates to
prepare legal documents is documented.  The results of this issue
will not be disclosed to you and any action deemed appropriate
will be taken.

I trust this information has addressed your concerns.


_____          3-15-2006
Charles E. Samuels, Jr., Warden           Date

and was told by the law clerks who have been there longer than most that they have no typewriter printwheels. I was given a broken printwheel and requested to have it changed. The law clerks told me all the printwheels are broken, yet inmates who came in after me were given type writers and printwheels that were not broken. These printwheels were reserved for the clerks buddies.

Mr. Watford and other education staff members are aware that his law clerks are charging to do legal work - they are reserving printwheels and typewriters for payments. I will not discuss the methods of payment because it is none of our business.

1. Law clerks should not reserve good printwheels for their buddies, rather a first come first served.

2. Law clerks should not charge inmates to do legal work because they are assigned to the law library to help population inmates but are too preoccupied with their business.

3. Law clerks who have been in the library for a while should be removed.

EXHIBIT 3

FCI Ft. Dix, New Jersey

ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

INFORMAL RESOLUTION FORM (BP-8)

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form 229(13) (old BP-9) you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state names of staff contacted.

Date Form Issued and Initials of Correctional Counselor: _____ 2-10-2006

INMATE'S COMMENTS:

1.    Complaint: I use the law library regularly. The evening of Thursday February 9 2006. I was the first person at the library to get a type

2.    Efforts made by you to informally resolve: _____

_____

_____

3.    Name of staff you contacted: _____

_____

_____

Date returned to Correctional Counselor: L-21-06

_____ 412 — 40710-018  2-21-06
Inmate's Name                    Reg. No.          Date

CORRECTIONAL COUNSELOR'S COMMENTS:

1.    Efforts made to informally resolve and staff contacted: _____

_____ see attached _____

_____

Date Informally Resolved: _____   Signature: _____
        OR                                Correctional Counselor
Date bp-229(13) Issued: 3/13/06        _____
                                       Unit Manager

If complaint is NOT informally resolved: Forward original attached BP- 229(13) form to the Warden's Secretary.

(BP-8) Response
Williams, Anthony
40710-018
Law library

This is in response to your request dated 02-10-2006 and received
by me on 02-21-2006. You claim that Law Clerks reserve print
wheels for their Buddies, that Law Clerks are running a business
and that they should be removed from their position.
I spoke to Education and they advised me that they are trained
advised and monitored so that no preferential treatment is given
to any Inmate. Print wheels are provided by the Education
Department and are available to Inmates on a first come first
serve basis. Should you have any problems with this in the
future, it should be reported immediately to the SOE for
assessment and accuracy.
Alot of time and effort is invested on the Inmates Clerk
training, knowledge, and skills. Upon completion of the training
they will be retained until the SOE deems it necessary to renew.
As to the SOE being aware of Inmates selling legal work, the SOE
is not aware of any such activitiesand request that this
information be made available for his review.

Counselor D. Hamel

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Williams, Anthony C | 40710-018 | 5803 | Ft. Dix |
|-------|---------------------|-----------|------|---------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** The BP-8 response by Mr. Hamel is a cover-up, as this same exact m as addressed in another inmates BP-9. Thus, a BP-9 was given to me on 3-16-06 after several unse tempts because unit team staff were covering other posts, as told to me by staff. Concerning similar issues outlined in this BP-9 was addressed by another inmate, see, Renell J Bendyna # 40866-050 was admitted there is a problem going on with the law library c running businesses, I don't care about this, only to do my own legal work without interfen Mr. Watford and his staff know the law clerks are running businesses, the law clerks are c do legal work, reserving typewriter printwheels and typewriters for their buddies, and Mr. L nd his staff are allowing this to go on. Even when I am first or within the first three clerks would give me broken printwheels, but as soon as their buddies walk in they they want and other inmates are afraid to file complaints. Mr. Watford is allowing the law clerks to d good printwheels and good typewriters to help inmates rather than runn The law clerks are assigned to the law library business and are charging to do legal work. About two weeks ago the inmate clerk from psychology was reassigned to Education which is aware of, and law clerks who have been in the law library for a while should be reassigned the law library of the businesses being operating, just like the psychology clerk now on the education job. This would eliminate the prob. I am making Mr. Watford and his staff and this administration know about the problems in the law and I will litigate this issue, because Mr. Watford is allowing his law clerks who has been there change to do legal work and reserve equipment. I have a lawsuit before the court for discrimin will add this issue, Education staff and the Warden on the lawsuit if I am forced to. To fix the prob the law clerks which was already complained about by another inmate Bendyna # 40866-050. (I d anything and I am not telling staff how to do their job, however, the problem for which complaining about is on going and known by staff.

_Anthony C_  
SIGNATURE OF REQUESTER

3-16-06  
DATE

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of*

CASE NUMBER: 407663

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTI

SUBJECT: _____

WILLIAMS, Anthony
Register No. 40710-018
Appeal No. 407663-F1
Page One

---

### Part B - Response

This is in response to your Request for Administrative Remedy dated March 20, 2006, wherein you are alleging that inmate law clerks are reserving equipment and/or materials, i.e., print wheels, and typewriters for their friends. In addition, you are alleging that the Supervisor of Education and other staff assigned to the department is allowing illegal activities in the law library. The following response is being provided on your behalf.

The Supervisor of Education purchased twenty-five print wheels for the library on March 15, 2006. Although print wheels remain a priority at this institution, equipment that is used on a continuous basis may become broken/destroyed or may not be available for immediate purchase through the vendor. Please continue to assist us with our inmate services by reporting any issues/concerns directly to the Supervisor of Education. As to your claim that law clerks are withholding the use of print wheels for their friend(s), this allegation is unfounded. The Supervisor of Education's office is located in plain view of the law library and constant supervision is maintained. However, as a result of your allegation, all law clerks have been counseled and are fully aware of the process and procedures for providing law books and other materials.

In addition, your allegation concerning law clerks charging inmates to prepare legal documents has been referred to the proper authorities and is under investigation. The results of the investigation will not be disclosed to you. Upon the completion and/or finding(s), any action deemed appropriate will be taken.

If you are dissatisfied with this response, you may appeal to the Northeast Regional Director, Federal Bureau of Prisons. Your appeal must be received in the Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

_____                _____
Charles E. Samuels, Jr.                         Date
Warden

U.S. Department of Justice
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | WILLIAMS, ANTHONY | 40710-018 | 5803 | FTD |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

The BP-10 response dated May 24, 2006 was received by me on June 20, 2006, after the 4:00 p.m. count at mail call.

The BP-10 response is an outright lie and I will litigate this issue, add this claim to Williams v. DeCardi, et. al., Case No. 05-5706 (RBK-AMD), because there is entirely too much cover-up going on with the FCI Fort Dix administration.

The response states, "... the SOE relocated his office to the law library location to ensure constant supervision and daily monitoring of this area." While the SOE's office has been inside the law library the SOE is rerely there and there is absolutely no supervision of the law library during evening and Saturday hours, no supervision, as the staff would open the law library door and disappear or hidfing out. The response also indicated that my allegation of inmate law clerks charging to do legal work has been referred for investigation. How long is this corruption will be allowed to go on? The Supervisor of Education, Douglas Watford, is allowing his clerks to do this, rather than having them reassigned outside the education department, just like how the psychology department reassigne its clerk to the education department. But instead Mr. Watford and his staff are catering to the law library inmate clerks and allowing them to charge inmates to do legal work

The Supervisor of Education, Mr. watford's office is located in clear view of the law

| June 22, 2006 | SEE PAGE 2 | |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

RECEIVED

JUL - 3 2006

Administrative Remedy Section
Federal Bureau of Prisons

| DATE | | GENERAL COUNSEL |
|---|---|---|
| ORIGINAL: RETURN TO INMATE | | CASE NUMBER: 401663-A1 |

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
   LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | BP-231(13) |
|---|---|---|
| USP LVN | | APRIL 1982 |

WILLIAMS #40710-018, Page 2 of BP-11

library, but there is absolutely no supervision. Mr. Watford is rerely around in his office and no other staff monitors the law library. Several times myself and other inmate got into arguments with the law clerks because they give us broken printwheels and broken typewriters and as soon as their buddies walk up they get the good equipment. Now and before the law clerks are still holding good printwheels and typewriters for their buddies.

Concerning the law clerks charging inmates to prepare legal documents, Mr. Watford acknowledged in the BP-9 signed off by the warden, as well as Remedy # 394050-F1 filed by another inmate clearly indicated that they are aware that the problem exist and still nothing is being done to have the law clerks reassigned to other departments. This shows that Mr. Watford, the warden and education staff are supporting this corruption. The problem is known by many staff and nothing is being done to correct it.

There is no supervision at the law library during the evenings and on most days and absolutely no supervision on Saturdays, because Mr. watford is allowing his clerks to run a business.

I want the practice of law clerks holding typewriters and printwheels for their buddies cease immediately; Mr. watford and the Warden have already been made aware of this matter and I will litigate this issue. many times the law clerks are too busy doing legal work for payment/profit than being able to even pass out legal materials. The education department staff and Fort Dix administration is allow the inmate law clerks to conduct a business by charging inmates to do legal work and the money is sent by family members to the law clerks' family and relatives as means of payment. Reassign the law clerks to avoid the problems, which was addressed in Remedy # 394050-F1 by another inmate, and by reassign the law clerks who have been in the library the longest would solve the problems, but the Fort Dix administration is promoting this practice of allowing the law clerks to charge to do legal work.

Under penalty of perjury I declare that the foregoing is true and correct.


_____
Anthony Williams

**Administrative Remedy Number 407663-A1**
**Part B - Response**

You contend inmate law library clerks exhibit favoritism in the use of typewriters and operate a business with regard to the preparation of legal documents - all with the knowledge of staff. You request this practice cease.

The issue you raise constitutes an allegation of staff misconduct. Staff conduct is governed by Program Statement 3420.09, <u>Standards of Employee Conduct</u>. The Bureau of Prisons takes seriously allegations of staff misconduct such as those you raise in this Administrative Remedy Appeal. We have referred this matter to another component of the Bureau of Prisons for appropriate action.

This response is for informational purposes only.

_September 1, 200__
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

Thomas McLaughlin                                              August 14, 2006
Assistant Inspector General
Office of the Inspector General
U.S. Department of Justice, Room 4706
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Dear Mr. McLaughlin:

    This is a complaint against the staff at FCI Fort dix, NJ, where I am an
inmate.  Specifically, my complaint is against Warden Charles E. Samuels, Jr.,
and his staff.

    This complaint is simple. FCI Fort Dix Warden Samuels; Mr. Douglass Watford,
Supervisor of Education, and the Education department staff and prison administration
are allowing the inmate law clerks, who are assigned to the law library, to charge
inmates from the population to help preparing legal papers.  Whenever we ask the
law clerks for help, I myself, was asked for payment and they are not supposed
to be allowed to charge to help prepare legal papers.  These assigned law clerks
are charging between $300 and up to $5,00 to do these legal work.  Also, the law
clerks would reserve the best working typewriters and print wheels for their
buddies or paying customers

    I am not the only one who complained about the law clerks charging population
inmates to assist with legal work and the administration is aware of this and
choose not to remove the law clerks, but Mr. Watford and other Education staff
would tell the law clerks whenever complaints are filed about the illegal conduct.
So even when complaints are filed the Education staff tells the law clerks who
files the complaints and this tactic is used as a deterrent that other inmates
won't file grievances.  For example, when I filed my complaint Mr. Brian Lutz,
VT Electric Instructor, told inmates how I filed a grievance about the law library.

    Warden Samuels and his administration said an "investigation" is underway
since  3/15/06.      and still the problem is an on-going practice.  Mr. Watford
allows this conduct to go on and pampers and allows what his law clerks are doing
in the law library.  Other inmates are too afraid of complaining, but another
inmate Anthony Williams #40710-018 also filed grievances on this issue.

    Mr. Watford's office is inside the law library area but he is rarely
there, and there is absolutely no supervision in the evenings (Monday- Thursday)
and on Saturday because the Education staff who are working and supposed to be
supervising the inmates would hide-out watching T.V. or hiding in their offices.
The staff would open the law library door and promptly disappear.  Then the law
clerks would show up late and leave early, so the law library opens late and
closes early.  Then the staff would regularly close-up the law library early
during the evenings and on Saturdays.  The Education staff works four 10-hour/day
shifts and this is a waste of taxpayers money because they get at least $4\frac{1}{2}$ to
6 hours dead time hiding out in their offices depending on the schedule, even
when they are supposed to be inside the classrooms and the inmate tutors are
doing all the teaching, not the staff.

*EXHIBIT 4*

The main law clerks who are charging are; Nunez, 46444-054; Duraunte, 50963-054; Larry, 20522-039; Kirdney/Kirksey, 13226-039 and other law clerks, as well as leisure library clerk Orlakhi, 51338-079. To avoid detection, the method of payment is that the money would be sent by the inmate's family to the law clerks' family/relatives or purchasing commissary items for them. For example, Nunez, 46444-054 has been charging the most and all the prison administration has to do if they cannot discover the money transactions being sent to Nunez's wife/children/brother, is to look at the different boots/sneakers, designers eyeglasses (which the institution does not allow as authorization paperwork is necessary to get a pair of glasses), shorts, etc. But the staff only concern themselves with getting paid and looking good, and whenever inmates as such as myself files grievances they are quick to call us liars and cover-up the issues.

Mr. Watford makes sure that the law clerks have new working typewriters and print wheels for themselves and the population inmates like myself who refuses to pay the law clerks gets broken equipment. Even when there is a waiting list for typewriters the law clerks refuse giving up the two typewriters they keep for themselves, rather than population inmates getting them, which they are supposed to do but Mr. Watford is allowing these law clerks to charge inmates.

Take for example, on June 24, 2006, I went to the law library at 7:am; but Ms.Lindley didn't open up until 8:15am. I was first in line as "first come first serve basis." the law clerk gave me a brken print wheel for the typewriter and when I requested an unbroken wheel he indicated there was "none." But, three of the five inmates behind me obtained good, unbroken print wheels because they are friends with the law clerks. Then at 8:45am; one of the law clerks left the law library with my ID card and at about 9:20am; when Ms. Lindley was closing up for the 9:30am "re-call" and I told her that the law clerk has possession my ID card she said, "What you want me to do? Go find a lieutenant" and I reminded her that she was supposed to supervise the inmates and she walked off. At 11:45am; after the compound opened I skipped brunch and went to the law library and Ms. Lindley opened at 12:20pm; but the law clerk with my ID card didn't come back to the law library until 2:33pm; so I had to miss brunch and sit in the law library waiting for my ID card. This is a classic case of how the law clerks are not being supervised.

Nothing is being done by the Warden or the Supervisor of Education to remove these law clerks from the law library and I am asking for your intervention to investigate FCI Fort Dix, NJ as to why nothing has been done to correct the problem with the law library clerks. To eliminate and correct the problems the inmate law clerks should be removed and placed in jobs elsewhere.

Respectfully submitted,

*James H. Bedyna*

James H. Bendyna
40866-050
FCI Fort Dix, West
Unit 5802
PO BOX 7000
Fort Dix, NJ 08640

cc: Honorable Robert Menendez, United States Senator

Honorable Robert Menendez                                    August 14, 2006
U.S. Senator of New Jersey
1 Gateway Center, 11th Floor
Newark, New Jersey 07102


Dear Senator Menendez,

  I am an inmate at FCI Fort Dix, NJ.  My family and I are life-long
residents of New Jersey.

  Here at FCI Fort Dix, Warden Charles E. Samuels and Mr. Douglass Watford,
Supervisor of Education, are supporting conduct by the inmate law clerks to
charge money to assist with preparing legal papers.  They are fully aware of the
problems and failed to remove these law clerks and placed them in other departments.

  The enclosed letter to Mr. McLaughlin, Assistant Inspector General, gives
details about the situation.

  I am asking for you to contact the Inspector General to ensure that agency
does not cover-up for the BOP which is a regular going on.


           Respectfully submitted,

           James H. Bendyna
           40866-050
           FCI Fort Dix
           Unit 5802
           PO BOX 7000
           Fort Dix, New Jersy 08640


enclosures:

# PETER J. SCHAFFER
### ATTORNEY AT LAW
1127 HIGH RIDGE ROAD, #330
STAMFORD, CT 06905-1203

TEL: (203) 322-3031
FAX: (203) 322-3036

March 29, 2006



Eric Hooten
14381-014
FCI Ft. Dix
P.O. Box 7000
Ft. Dix, NJ 08640

Re:  USA v. Eric Hooten
     3:02CR278 (JCH)

Dear Mr. Hooten:

After three weeks of correspondence and telephone calls with Ft. Dix FCI, I came down to see you last week. As you know, we never got a chance to meet. I waited at the facility from about 11:15 to 2:00 to get in to the visiting room. I then waited there for one hour to meet with you. At three o'clock I was informed that because of the count, if I wanted to see you I would have to remain at the facility until 5:00 p.m. Unfortunately, I could not wait any longer.

Therefore, I am having the Court produce you in Connecticut for a counsel visit sometime in April. I tried to avoid that, however Ft. Dix is the most difficult prison I have ever dealt with to try to schedule a counsel visit.

Keep in mind for our discussion that Judge Hall's decision denying your motion to vacate your sentence only provided one narrow ground to seek relief upon – whether your waiver of the rights to appeal and collaterally attack your sentence was not knowing and voluntary. We cannot address any other issue.

I will see you in April – hopefully.

Sincerely yours,

Peter J. Schaffer

RECEIVED 4-5-06

EXHIBIT  5

Eric Hooten (Petitioner)

    -V-

United States of America (Respondent)

Oct. 19, 2005

Criminal No.

3:02-cr-278 (JCH)

## PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner Respectfully requests This Honorable court To Appoint Him counsel Due To The Foregoing Reasons.

### I.

Petitioner Lacks the legal Knowledge of arguing The matters that are brought before the court through His motion pursuant To 28 §2255 while He may be able To present The correct Language and Law supporting His issues in a written manner, He does not Have the oral communication skills. Moreover Petitioner Lacks the legal Education To represent Himself.

### II

The library hours are significantly Limited, as petitioner is required To work 7 Days A week (Monday-Sunday) From 6:30am-3:30pm And sometimes some Evening hours.

The library hours During the evening are supposed To be From 6:00pm - 8:30pm Monday-Thursday, There are No Friday evening Hours. On Saturday The Hours are supposed To be 8:00am-9:15am And reopen again at 12:00p - 3:15pm. The library HAS No Sunday hours.

The poor library Hours and Law clerk who completely lack legal Knowledge such as myself And THE lack of working Typewriters is a hinderance From pursuing and properly presenting all issues And anyone who complains To prison Administration in regards To The Education

EXHIBIT

Department are Targeted for retaliation by other staff.

### III

The court should consider the petitioners request for counsel. Petitioner has tried to obtain counsel, Due too the law library, here at FCI Ft. Dix not having any out of state Attorney phone books and or listing of addresses. By my monies being very limited I am unable to purchase mailing stamps nor am I able to make telephone calls to find an Available Attorney. The Administration does not give you Attorney calls if it is not the Attorney representing you in court, if you get a chance for a legal call.

Petitioner respectfully request court to appoint counsel, In the Alternative provide petitioner with a listing of Pro-Bono Attorney's so that He may continue His efforts in securing counsel.

Respectfully submitted,

Eric Hooten

Eric Hooten (Petitioner)

Eric Hooten #14881-014
FCI Ft. Dix
P.O. Box-7000
Ft. Dix, NJ. 03640

January 2, 2003

U.S. Parole Commission
5550 Friendship Blvd
Suite 420
Chevy Chase, MD 20815

    RE: Freedom of Information Act Request

Dear sir/madam:

    This is a request made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

    I am requesting a copy of the <u>U.S. Parole Commission Manual</u> for the years 1985, 1986 or 1987.

    Please note that while I am confined at FCI-Fort, NJ, the inmate law library does not have said Manual for the mentioned years. Also, I have written to the U.S. Government Printing Office, and was informed that they do not have said Manual for the mentioned years. Thus I was referred to your office.

    The FOIA provides that an agency must make an initial determination as to whether to comply with an FOIA request within 10 working days of receiving the request. The agency may take an additional 10 days in unusual circumstances. [My previous non-FOIA letters to the U.S. Parole Commission has gone unanswered.]

    Therefore, as provided in the FOIA, a reply should be forthcoming within 10 working days of receiving this request.

                    Respectfully submitted,

                    Latchmie Toolasprashad
                    10975-056
                    FCI Fort Dix West
                    PO Box 7000
                    Ft. Dix, NJ 08640

EXHIBIT 6



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*

*Telephone: (301) 492-5990*
*Facsimile: (301) 492-5307*

January 15, 2003

Mr. Latchime Toolasprashad
Reg. No. 10975-056
Fort Dix West FCI
P.O. Box 7000
Fort Dix, NJ 08640

Dear Mr. Toolasprashad:

Please be advised that the Commission does not maintain manuals for the years 1985, 1986 or 1987.

The Commission is currently publishing a manual for 2003 that applies to all procedures currently conducted by the Commission.

The manual has a cost of $12.00, but it is not yet available. You may resubmit your request in approximately 45 days and submit a check or money order made payable to the U.S. Treasury.

Sincerely,

Margaux G. Jablonski
FOIA Technician

EXHIBIT 7



*Georgetown University Law Center*

*Appellate Litigation Program*

Judith C. Areen
*Dean*

Steven H. Goldblatt
*Professor of Law*
*Director*

Abigail V. Carter
Cary Berkeley Kaye
*Supervising Attorneys*

Daurie J. Simmons
*Office Manager*

January 15, 2003

Latchmie Toolasprashad
No. 10975-056
Building 5802, P.O. Box 7000
Ft. Dix, New Jersey  08640

**LEGAL MAIL**

Dear Mr. Toolasprashad:

I received your letter of January 1, 2003, but have been unable to locate a copy the U.S. Parole Commission Manual for 1985, 1986, or 1987.  It does not appear to be available on-line and it is not in our library.  I called the U.S. Parole Commission, but they could only suggest contacting the Library of Congress.

I am sorry that I could not be more helpful to you, but I wish you the best of luck in your efforts.

Sincerely,

Abigail V. Carter

EXHIBIT **8**

*111 F Street NW, Room 123, Washington, DC 20001-2095*
*(202) 662-9555*

# PRISONERS SELF HELP LEGAL CLINIC

**PO BOX 798 • NEWARK NJ 07101**
**CLINIC HOURS: WEDNESDAY, THURSDAY & FRIDAY 6:00 PM - 9:00 PM,**
**SATURDAY 1:00 PM TO 5:00 PM**
**TELEPHONE: 973-242-3688**
**RESOURCE GUIDE PROJECT: 973-242-8922**
*If you want to visit the PSHLC, please call first during office hours to make an appointment.*

January 18, 2003

Mr. Latch Toolasprashad
10975-056
Building 5841
PO Box 7000
Ft. Dix  NJ  08640

Dear Mr. Toolasprashad,

This letter is written in response to your recent letter to the Center for Social Justice at Seton Hall Law School in Newark.  Seton Hall Law School does not have any program that provides pro bono representation to prisoners on issues related to their criminal convictions.  Letters written to Seton Hall Law School are automatically passed on to the Prisoners Self Help Legal Clinic.  The Center for Social Justice is clinical teaching part of the law school.  Except for civil cases assigned by the courts, the Center does not represent prisoners.  The Pro Bono Program at Seton Hall Law School places law students with other organizations for experience — it does not undertake pro bono representation.

The Parole Commission Manual you are seeking is not in the Law Library, not is it online.  The Parole website only has it from 1996 forward ...  Obviously, you could write to the Commission....

If you have not written to the PSHLC in the past, we here enclose information about our activities and publications.

With respect,

Clinic volunteers

EXHIBIT 9



**VIEWPOINT** ☻

*an eclectic gallery for books and art*

PMB 125
111 East 14th Street
New York, NY 10003-4103
PH (212) 242-5478
FAX (212) 242-7932
EMAIL viewpointny@verizon.net
www.viewpointgallery.com

1 September 2006

Mr. Latch Toolas-Prashad
#10975-056
FCI Fort Dix
Building 5803
P O Box 7000
Fort Dix, NJ 08640

Dear Mr Toolas-Prashad

Thank you for your letter of 3 July 2006 in which you ask us to find copies of the <u>US (Federal) Parole Commission Manual</u> for the years 1985, 1986, and 1987.

I have to advise that, after an extensive search, it has proved impossible to locate this material; it does not appear to be available through normal commercial channels.

I am sorry our response could not be more favorable.  Perhaps it would be possible for you to obtain the material you seek through a direct request to the Department of Justice under the terms of US laws relating to freedom of information.

Thank you again for your inquiry.

Sincerely

*John Stuart*

VIEWPOINT GALLERY
John Stuart
Manager

EXHIBIT 10

December 6, 2006

Federal Public Defender
22 S. Clinton Ave
Station Plaza 4, 4th Floor
Trenton, NJ 08609

Dear Sir/madam,

I am a federal prisoner confined at FCI Ft. Dix, NJ.

I write in sincere hope of obtaining your assistance and help in securing a U.S. Parole Manual for the years 1985, 1986, or 1987, preferable 1985.

If you're wondering why I have written to you instead of the U.S. Parole Commission, be assured that indeed I wrote to the U.S. Parole Commission, who indicated they don't have the Manuals.

I would appreciate if you could assist me in obtaining the requested U.S. Parole Manual for 1985, 1986, or 1987. I will pay the cost for same.

Thank you and I look forward to a reply.

Yours sincerely,

Latch Tedas-Prashad
#10975-056
FCI Ft Dix
Bldg 5803
PO Box 7000
Ft Dix NJ 08640

EXHIBIT 11