UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LATCHMIE TOOLASPRASHAD,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1187 (ESH) |
| **BUREAU OF PRISONS,** | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

This matter is before the Court on plaintiff's motion for the appointment of counsel to represent him in this Freedom of Information Act case. Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. *See Willis v. F.B.I.*, 274 F.3d 531, 532-33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding *in forma pauperis*, the court is authorized to appoint counsel under 28 U.S.C. § 1915(e)(1), but is not obliged to do so unless the plaintiff demonstrates that such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it." *Id*.

The Court has considered the potential merits of the claim, the complexity of the legal and factual issues apparent from the complaint and the recently filed amended complaint, plaintiff's *pro se* representation thus far, and the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the Court may derive from the assistance of appointed counsel. *See* LCvR 83.11(b)(3). The Court has also taken into

consideration the limited *pro bono* resources available to it. After carefully reviewing and weighing these factors, the Court concludes that the appointment of counsel is not warranted at this time. Accordingly, it is hereby

**ORDERED** that plaintiff's motion for the appointment of counsel [Dkt. # 25] is **DENIED** without prejudice.

>                         /s/
> ELLEN SEGAL HUVELLE
> United States District Judge

Date: December 18, 2006