# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LATCHMIE TOOLASPRASHAD,     )
            )
         **Plaintiff,**     )     No. 06-1187 (ESH)
     **v.**     )
            )
**BUREAU OF PRISONS,**     )
            )
         **Defendant.**     )
_____)

## DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, United States Bureau of Prisons ("BOP"), respectfully files this reply memorandum in opposition to Plaintiff's Objections to Defendant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment.

## I.  FACTUAL BACKGROUND

In this *pro se* action, Plaintiff, Latchmie Toolasprashad, Register Number 10975-056, currently housed at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix") brought a complaint against the Bureau of Prisons, pursuant to the Freedom of Information Act ("FOIA").  See Complaint (Docket Entry No. 1).  In the Complaint, plaintiff indicated that he made the following request to the BOP:

> Between June 23, 2000 and July 11, 2000, a psychological report was prepared at FCI Petersburg on myself for the U.S. Parole Commission.  I am requesting that a copy of all testing compilation, notes of assessment, instruments and evaluative procedures of testing/notes/interviews, etc, as well as the entire file be released as soon as possible.

Id. at p. 2.

In response to plaintiff's request, the BOP sent a "request for responsive documents . . . to FCI Fort Dix [to conduct a search for records responsive to plaintiff's request]."  Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"), First Declaration of Kathleen Quigley ("First Quigley Dec.") at ¶ 6.  The "psychology staff forward[ed] a complete copy of Plaintiff's entire psychology file, contained in the Psychology Data System ('PDS')."  Defendant's Reply to Plaintiff's Objections to Defendant's Motion to Dismiss ("Defendant's Reply"), Supplemental Declaration of Kathleen Quigley ("Supp. Quigley Dec.") at ¶ 4.[1]  The search, conducted "in accordance with provisions of the Freedom of Information Act[,] . . . revealed forty-six (46) pages of records.  Id. at ¶¶ 4, 5; First Quigley Dec. at ¶ 7.  These records were provided to the forensic psychologist identified by plaintiff.  Id. at ¶ 5; First Quigley Dec. ¶ 7 and Exhibit 2; Defendant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment "Defendant's Renewed Motion"), Second Supplemental Quigley Declaration ("Second Supp. Quigley Dec") at ¶ 6 and Exhibit 5.

In an opposition to defendant's Motion to Dismiss, plaintiff complained that he "provided more than 500 plus documents to [a] psychology intern [regarding] his military service, community service, BOP program completions/memorandums of commendations, etc."  Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pltf's Opp.") at p. 5.  He accused the BOP of withholding the "500 plus documents."  Id.

In response to plaintiff's opposition, defendant contacted the Chief Psychologist at the Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg"), Dr. Robert Nagle, to

---

[1] The Psychology Data System is a BOP electronic database which contains all psychology records on inmates.  See id.

request "information as to whether or not the 500 plus documents . . . were maintained in a system of records at FCI Petersburg."[2]  Defendant's Renewed Motion, Declaration of Robert Nagle ("Nagle  Dec.") at ¶ 5; <u>see</u> Supp. Quigley Dec. at ¶7.  Dr. Nagle was directed to conduct a search for the records and respond.  Nagle Dec. at ¶ 5.

On or about October 20, 2006, using plaintiff's Register Number, Dr. Nagle "conducted an electronic search of the complete copy of plaintiff's entire psychology file contained in the PDS."  <u>Id</u>. at ¶ 6.  Dr. Nagle did not locate any of the "500 plus documents" the plaintiff allegedly provided to an intern.  <u>Id</u>. at ¶ 7.  Although plaintiff's psychological evaluation was not conducted on the premises of FCI Petersburg, Dr. Nagle conducted a computer search of the forensic evaluation cases conducted at FCI Petersburg,[3] as well as a search of each of the file folders maintained on these cases.  <u>Id</u>. at 8.  These searches also did not reveal the "500 plus documents."  <u>Id</u>.  Finally, Dr. Nagle conducted a page-by-page search of the 'internship file' maintained on each of the four interns who participated in an internship at FCI Petersburg during the summer of 2000.  <u>Id</u>. at ¶ 7.  These files "did not contain the '500 plus documents' referenced by the Plaintiff."  <u>Id</u>.  Although an inmate's "psychology records are not maintained in an inmate's Central File, <u>see</u> Supp. Quigley Dec. at ¶ 9 and Exhibit 6, plaintiff's Central File was searched for the "500 plus documents" he requested.  <u>Id</u>. at ¶ 10.  This page-by-page search was conducted by plaintiff's Case Manager, Robert Ferretti.  Defendant's Renewed Motion, Declaration of Robert Ferretti ("Ferretti Dec.") at ¶¶ 3, 4; Second Supp. Quigley Dec. at ¶ 10.

---

[2]Plaintiff had been incarcerated at FCI Petersburg.  <u>See</u> Plaintiff's Amended Complaint at p. 5, Docket Entry No. 24.

[3]The computer search was conducted using plaintiff's Register Number.

This search revealed 123 pages of military documents.  Id. at ¶ 4; Second Supp. Quigley Dec. ¶ 11.  By letter dated December 4, 2006, the 123 pages of documents "were forwarded to [the] Forensic Psychologist previously identified by Plaintiff."  Second Supp. Quigley Dec. ¶ 10 and Exhibit 7.

Plaintiff now asserts that the 123 pages of documents were not the documents that he sought.  See Pltf's Opposition at p. 4.  He continues to "contend that approximately 500 plus documents are outstanding . . . ."  Id. at p. 5.  However, the BOP has conducted a reasonable search for documents responsive to plaintiff's request and has fully performed its statutory duty under FOIA.

## II.  ARGUMENT

Under FOIA an agency has a duty to conduct a "reasonable" search for responsive records.  See, e.g., Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. Dep't of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983).  Although the adequacy of the search is "dependent upon the circumstances of each case," Truitt v. U.S. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); accord Maynard v. CIA, 986 F.2d 547, 559 (1st Cir. 1993), the agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  Oglesby, 920 F.2d at 68; Maynard, 986 F.2d at 559; SafeCard Servs. v. SEC, 926 F.2d 1197, 2101 (D.C. Cir. 1991).  In this connection, it is axiomatic that the fundamental question is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'"  Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); accord

4

Nation Magazine v. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Meeropol v.

Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986).  In order to prove that its search was adequate,

the agency is entitled to rely upon affidavits, provided that they are "relatively detailed,

nonconclusory, and submitted in good faith."  Pollack v. Bureau of Prisons, 879 F.2d 406, 409

(8th Cir. 1989); accord Weisberg, 705 F.2d at 1351; Perry v. Block, 684 F.2d 121, 127 (D.C. Cir.

1982) ("affidavits that explain in reasonable detail the scope and method of the search conducted

by the agency will suffice to demonstrate compliance with the obligations imposed by the

FOIA").  Such affidavits should show "that the search method was reasonably calculated to

uncover all relevant documents," and should "explain how the search was conducted."  Oglesby,

920 F.2d at 68; see Maynard, 986 F.2d at 559.

        The declarations of Kathleen Quigley, Robert Nagle and Robert Ferretti explained, in

detail, the adequate searches performed in response to plaintiff's request.  As a result, forty-six

(46) pages of documents, First Quigley Dec. at ¶ 7 and Exhibit 2, and then 123 pages of

documents were provided to Dr. Hilkey.  Second Supp. Quigley Dec. at ¶¶10-11 and Exhibit 7;

Ferretti Dec. at ¶ 4.  The searches did not reveal the "500 plus documents" which plaintiff claims

exist.  However, plaintiff cannot establish that the BOP failed to adequately search for records

responsive to his request.

        The Freedom of Information Act allows a Court to provide relief to a plaintiff only where

requested documents have been "improperly withheld" by an agency.  5 U.S.C. § 552(a)(4)(B).

Once the agency has put forth an affidavit showing that its search was reasonable, it is plaintiff's

obligation to show that the agency's search was not conducted in good faith.  Maynard, 986 F.2d

at 560 (citation omitted).  Beyond mere speculation that the requested records currently exist,

plaintiff cannot make such a showing.  A requestor's mere "speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."  Steinberg, 23 F.3d at 552 (quoting Safecard Servs, 926 F.2d at 1201).  See also Oglesby, 920 F.2d at 67 n.13 (finding that hypothetical "assertions are insufficient to raise a material question of fact with respect to the adequacy of the agency's search.").  Moreover, nothing in the law requires the agency to document the fate of documents it cannot find.  See Miller v. U.S. Dep't of State, 779 F.2d 1378, 1385 (8th Cir. 1985); Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136 (1980)(FOIA does not obligate the Government to create records or to make explanations).

Therefore, the only documents located by BOP which are responsive to plaintiff's FOIA request were provided to Dr. Hilkey, as plaintiff requested.  Accordingly, defendant has fully performed its statutory duty and all responsive records have been released to plaintiff.

## III.  CONCLUSION

Accordingly, for the reason set forth above, defendant respectfully requests that the Court dismiss this action, or in the alternative, grant defendant's motion for summary judgment.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 23rd day of January, 2007, a copy of the foregoing

was sent by First-Class Mail, postage prepaid, to:

Latchmie Toolasprashad
#10975-056
FCI Fort Dix
Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640


/s/
MARIAN L. BORUM
Assistant United States Attorney