**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1187 (ESH) |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL OBJECTIONS TO
DEFENDANT'S RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

Defendant, United States Bureau of Prisons ("BOP"), respectfully files this reply

memorandum in opposition to Plaintiff's Supplemental Objections to Defendant's Renewed

Motion to Dismiss or, in the Alternative, for Summary Judgment.

**I.  FACTUAL BACKGROUND**

In this pro se action, Plaintiff, Latchmie Toolasprashad, Register Number 10975-056,

currently housed at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix")

brought a complaint against the Bureau of Prisons, pursuant to the Freedom of Information Act

("FOIA").  See Complaint (Docket Entry No. 1).  In the Complaint, plaintiff indicated that he

made the following request to the BOP:

> Between June 23, 2000 and July 11, 2000, a psychological report was prepared at
> FCI Petersburg on myself for the U.S. Parole Commission.  I am requesting that a
> copy of all testing compilation, notes of assessment, instruments and evaluative
> procedures of testing/notes/interviews, etc, as well as the entire file be released as
> soon as possible.

Id. at p. 2.

In response to plaintiff's request, the BOP sent a "request for responsive documents . . . to

FCI Fort Dix [to conduct a search for records responsive to plaintiff's request]."  Defendant's

Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"), First

Declaration of Kathleen Quigley ("First Quigley Dec.") at ¶ 6.  The "psychology staff

forward[ed] a complete copy of Plaintiff's entire psychology file, contained in the Psychology

Data System ('PDS')."  Defendant's Reply to Plaintiff's Objections to Defendant's Motion to

Dismiss ("Defendant's Reply"), Supplemental Declaration of Kathleen Quigley ("Supp. Quigley

Dec.") at ¶ 4.[1]  The search, conducted "in accordance with provisions of the Freedom of

Information Act[,] . . . revealed forty-six (46) pages of records."  Id. at ¶¶ 4, 5; First Quigley Dec.

at ¶ 7.  These records were provided to the forensic psychologist identified by plaintiff.  Id. at ¶ 5;

First Quigley Dec. ¶ 7 and Exhibit 2; Defendant's Renewed Motion to Dismiss or, in the

Alternative, for Summary Judgment ("Defendant's Renewed Motion"), Second Supplemental

Quigley Declaration ("Second Supp. Quigley Dec") at ¶ 6 and Exhibit 5.

In an opposition to defendant's Motion to Dismiss, plaintiff complained that he "provided

more than 500 plus documents to [a] psychology intern [regarding] his military service,

community service, BOP program completions/memorandums of commendations, etc."

Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pltf's Opp.") at p. 5.  He accused the

BOP of withholding the "500 plus documents."  Id.

In response to plaintiff's opposition, defendant contacted the Chief Psychologist at the

Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg"), Dr. Robert Nagle, to

---

[1]The Psychology Data System is a BOP electronic database which contains all
psychology records on inmates.  See id.

request "information as to whether or not the 500 plus documents . . . were maintained in a system of records at FCI Petersburg."[2] Defendant's Renewed Motion, Declaration of Robert Nagle ("Nagle Dec.") at ¶ 5; see Supp. Quigley Dec. at ¶ 7. Dr. Nagle was directed to conduct a search for the records and respond. Nagle Dec. at ¶ 5.

On or about October 20, 2006, using plaintiff's Register Number, Dr. Nagle "conducted an electronic search of the complete copy of plaintiff's entire psychology file contained in the PDS." Id. at ¶ 6. Dr. Nagle did not locate any of the "500 plus documents" the plaintiff allegedly provided to an intern. Id. at ¶ 7. Although plaintiff's psychological evaluation was not conducted on the premises of FCI Petersburg, Dr. Nagle conducted a computer search of the forensic evaluation cases conducted at FCI Petersburg,[3] as well as a search of each of the file folders maintained on these cases. Id. at ¶ 8. These searches also did not reveal the "500 plus documents." Id. Finally, Dr. Nagle conducted a page-by-page search of the 'internship file' maintained on each of the four interns who participated in an internship at FCI Petersburg during the summer of 2000. Id. at ¶ 7. These files "did not contain the '500 plus documents' referenced by the Plaintiff." Id. Although an inmate's "psychology records are not maintained in an inmate's Central File," see Supp. Quigley Dec. at ¶ 9 and Exhibit 6, plaintiff's Central File was searched for the "500 plus documents" he requested. Id. at ¶ 10. This page-by-page search was conducted by plaintiff's Case Manager, Robert Ferretti. Defendant's Renewed Motion, Declaration of Robert Ferretti ("Ferretti Dec.") at ¶¶ 3, 4; Second Supp. Quigley Dec. at ¶ 10.

_____

[2]Plaintiff had been incarcerated at FCI Petersburg. See Plaintiff's Amended Complaint at p. 5, Docket Entry No. 24.

[3]The computer search was conducted using plaintiff's Register Number.

This search revealed 123 pages of military documents.  Id. at ¶ 4; Second Supp. Quigley Dec. ¶

11.  By letter dated December 4, 2006, the 123 pages of documents "were forwarded to [the]

Forensic Psychologist previously identified by Plaintiff."  Second Supp. Quigley Dec. ¶ 10 and

Exhibit 7.[4]

On December 13, 2006, defendant filed a Renewed Motion to Dismiss or, in the

Alternative, for Summary Judgment ("Renewed Motion to Dismiss").  See Docket Entry No. 20.

On January 12, 2007, plaintiff filed "Objections to Defendant's Renewed Motion to Dismiss or,

in the Alternative for Summary Judgment" ("Opp. to Renewed Motion to Dismiss").  See Docket

Entry No. 30.  On January 23, 2007, defendant filed a Reply to Plaintiff's Objections to

Defendant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment

("Renewed Reply").  See Docket Entry No. 32.

Plaintiff now files "Supplemental Objections to Defendant's Renewed Motion to Dismiss

or, in the Alternative, for Summary Judgment" ("Supp. Objs.").  Plaintiff once again argues that

he provided "military records and education documents" to the psychology intern.  Supp. Objs. at

pp. 1-2.  To this filing, plaintiff attached two exhibits.  The first exhibit, dated August 8, 2000,

appears to be a request to Drs. Berry and Pugh for a copy of plaintiff's psychology report and

military and educational records.  See id. at Exhibit 1.  The second exhibit consists of two pages.

The first page, dated August 9, 2000, appears to be a request to Dr. Berry, but the page is barely

legible.  The next page indicates, inter alia, "[t]he military records and education documents I

submitted is my only copy.  I would like to have a copy of the military and education documents

_____

[4]In his opposition to Defendant's Renewed Motion to Dismiss or, in the Alternative for
Summary Judgment, plaintiff indicated that these documents were not part of the "500 plus
documents" he sought.  See Opp. to Renewed Motion to Dismiss at pp. 4, 12.

when the report is completed, or at your convenience." Id. at Exhibit 2. There is no indication

that this page was drafted on August 8, 2000. There also is no indication that this page is the

second page of the August 8, 2000 request to Dr. Berry. Nevertheless, plaintiff appears to offer

this as proof that he provided "500 plus documents" to a psychology intern. However, the issue

is not whether plaintiff provided documents to a psychology intern. Rather, the issue is whether,

in response to plaintiff's FOIA request, the BOP conducted a reasonable search for the

documents. The declarations provided demonstrate that the BOP conducted reasonable searches

for the requested records in locations where they would be expected to be located, as well as in

additional locations, and disclosed all 169 documents found. None of these are what plaintiff

apparently seeks. Opp. to Renewed Motion to Dismiss at pp. 4, 12; but see id. at p. 4 (plaintiff

inquires where the "approximately 377 other documents" are located). Nevertheless, the BOP

has fully performed its statutory duty under FOIA.

## II.  ARGUMENT

Under FOIA an agency has a duty to conduct a "reasonable" search for responsive

records. See, e.g., Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v.

Dep't of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). Although the adequacy of the search is

"dependent upon the circumstances of each case," Truitt v. U.S. Dep't of State, 897 F.2d 540,

542 (D.C. Cir. 1990); accord Maynard v. CIA, 986 F.2d 547, 559 (1st Cir. 1993), the agency

"must show that it made a good faith effort to conduct a search for the requested records, using

methods which can be reasonably expected to produce the information requested." Oglesby, 920

F.2d at 68; Maynard, 986 F.2d at 559; SafeCard Servs. v. SEC, 926 F.2d 1197, 2101 (D.C. Cir.

1991). In this connection, it is axiomatic that the fundamental question is not "'whether there

might exist any other documents possibly responsive to the request, but rather whether the <u>search</u>
for those documents was <u>adequate</u>.'" <u>Steinberg v. Dep't of Justice</u>, 23 F.3d 548, 551 (D.C. Cir.
1994) (quoting <u>Weisberg v. Dep't of Justice</u>, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); <u>accord</u>
<u>Nation Magazine v. Customs Service</u>, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); <u>Meeropol v.</u>
<u>Meese</u>, 790 F.2d 942, 952-53 (D.C. Cir. 1986).  An agency's inability to locate every single
responsive record does not undermine an otherwise reasonable search.  <u>See</u> <u>Duenas Iturralde v.</u>
<u>Comptroller of the Currency</u>, 315 F.3d 311, 315 (D.C. Cir. 2003)("particular documents may
have been accidentally lost or destroyed, or a reasonable and thorough search may have missed
them."); <u>cf</u>. <u>Folstad v. Bd. of Governors of the Fed. Reserve Sys.</u>, No. 1:99-124, 1999 U.S. Dist.
LEXIS 17852, at *5 (W.D. Mich. Nov. 16, 1999)(recognizing that "[e]ven if the agency failed to
keep documents that it should have kept, that failure would create neither responsibility under the
FOIA to reconstruct those documents nor liability for the lapse"), <u>aff'd</u> 234 F.3d 1268 (6th Cir.
2000)(unpublished table decision).

     Here, searches were conducted for records responsive to plaintiff's request in the
computer-based Psychology Data System.  <u>See</u> Renewed Motion to Dismiss, Second
Supplemental Declaration of Kathleen Quigley ("Second Supp. Quigley Dec.") at ¶ 5;
Declaration of Dr. Robert Nagle ("Nagle Dec.") at ¶ 6.  In addition, although the Central File
does not ordinarily include psychology records, <u>see</u> Second Supp. Quigley Dec. at ¶ 9, a page-by-
page search was conducted of plaintiff's Central File.  <u>See</u> Renewed Motion to Dismiss,
Declaration of Robert Ferretti ("Ferretti Dec.") at ¶¶ 3-4.  A page-by-page search also was
conducted of the files of the four interns at FCI Peterburg during the summer of 2000.  <u>See</u> Nagle
Dec. at ¶ 7.  Finally, by computer and by hand, a search was conducted of the forensic evaluation

cases conducted at FCI-Petersburg.  See id. at ¶ 8.  As a result, forty-six (46) pages of documents,

Motion to Dismiss or, in the Alternative, for Summary Judgment, First Declaration of Kathleen

Quigley ("First Quigley Dec.") at ¶ 7 and Exhibit 2, and then 123 pages of documents were

provided to Dr. Hilkey.  Second Supp. Quigley Dec. at ¶¶10-11 and Exhibit 7; Ferretti Dec. at ¶

4.  The searches did not reveal the "500 plus documents" which plaintiff claims exist.  However,

plaintiff cannot establish that the BOP failed to adequately search for records responsive to his

request.  In addition, nothing in the law requires the agency to document the fate of documents it

cannot find.  See Miller v. U.S. Dep't of State, 779 F.2d 1378, 1385 (8th Cir. 1985); Kissinger v.

Reporters Comm. for Freedom of the Press, 445 U.S. 136 (1980)(FOIA does not obligate the

Government to create records or to make explanations).

Therefore, the only documents located by BOP which are responsive to plaintiff's FOIA

request were provided to Dr. Hilkey, as plaintiff requested.  Accordingly, defendant has fully

performed its statutory duty, and all responsive records have been released to plaintiff.

### III.  CONCLUSION

Accordingly, for the reasons set forth above, defendant respectfully requests that the

Court dismiss this action, or in the alternative, grant defendant's motion for summary judgment.

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


 /s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 30th day of January, 2007, a copy of the foregoing

was sent by First-Class Mail, postage prepaid, to:

Latchmie Toolasprashad
#10975-056
FCI Fort Dix
Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640


        /s/
        MARIAN L. BORUM
        Assistant United States Attorney