## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LATCHMIE TOOLASPRASHAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1187 (ESH) |
| | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This case, brought initially under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on defendant's renewed motion to dismiss or for summary judgment filed in response to the Court's Memorandum Opinion and Order of November 13, 2006.[1]  The Court had questioned the adequacy of defendant's search in view of plaintiff's contention that more than 500 documents were omitted from defendant's release of responsive records.  Based on a subsequent search, defendant has released an additional 123 pages of military records located in plaintiff's Bureau of Prisons Central File.  (Second Supplemental Decl. of Kathleen Quigley ¶ 11.)  Upon consideration of the parties' submissions and the relevant parts of the record, the Court is now satisfied that defendant conducted a search reasonably calculated to locate all records responsive to plaintiff's FOIA request and will grant summary judgment to defendant on the FOIA claim.

---

[1]On December 16, 2006, plaintiff, by operation of Fed. R. Civ. P. 15(a), filed an amended complaint presenting non-FOIA claims.  By Order of January 8, 2007, the Court granted defendant's motion to respond to the amended complaint by January 31, 2007.

Plaintiff challenged defendant on its failure to produce more than 500 documents he allegedly gave a psychology intern at the Federal Correctional Institution in Petersburg, Virginia. In a declaration supporting the current motion, Dr. Robert W. Nagle, Chief of Psychology Services at FCI Petersburg, avers that he conducted an electronic search of that facility's Psychology Data System using plaintiff's inmate register number. In addition, he "conducted a page by page search of the 'internship file' maintained on each of [the] four interns" who had participated in an internship program during the relevant time period (Nagle Decl. ¶ 7) and "searched forensic evaluation cases conducted at FCI Petersburg." (*Id*. ¶ 8.) Dr. Nagle located no additional responsive records. He further avers that there is no record of plaintiff having presented any documents to his staff, that "it is not normal procedure at FCI Petersburg for Psychology Services staff to accept . . . documents from an inmate," and that if such documents were provided, they may have been reviewed but not kept. (*Id*. ¶ 9.)

"[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)); *see Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986) ("[A] search is not unreasonable simply because it fails to produce all relevant material."). Thus, the fact that a search has yielded no records is immaterial to resolving a FOIA claim. Rather, an agency is entitled to summary judgment upon a showing through detailed declarations that it performed a search reasonably calculated to locate all responsive records. *See* Mem. Op. at 1-2 (discussing search standards). Dr. Nagle and Ms. Quigley have adequately described the searches and have averred that all files likely to contain responsive records have now been

searched. (Nagle Decl. ¶ 10; Quigley Decl. ¶ 12.)  Moreover, Dr. Nagle has reasonably explained

why such records were not located.  (Nagle Decl. ¶ 9.)  "A requester is entitled only to records

that an agency has in fact chosen to create and retain."  *Yeager v. Drug Enforcement Admin.,* 678

F.2d 315, 321 (D.C. Cir. 1982).  Plaintiff has not proffered any evidence that contradicts

defendant's declarations or suggests agency bad faith.

For the foregoing reasons and those stated in the previous ruling, the Court concludes that

defendant is entitled to judgment as a matter of law on the FOIA claim.  A separate Order

accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: January 31, 2007