## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LATCHMIE TOOLASPRASHAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1187 (ESH)** |
| | ) | |
| **BUREAU OF PRISONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER

Defendants, Federal Bureau of Prisons; United States Parole Commission; Kathleen Pinner, United States Parole Commission Hearing Examiner; Marcia Baruch, Chief Psychologist at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"); Kendra Pugh, Clinical Psychologist at the Federal Correctional Institution in Petersburg, Virginia ("FCI-Petersburg"), Andrew Kerr, psychologist; and  Jamie Berry, psychologist, by and through undersigned counsel, respectfully move this Court to dismiss plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5) and 12(b)(6).  In the alternative, Defendants move this Court for a transfer of venue under 28 U.S.C. § 1404.  In  support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1187 (ESH) |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

Defendants, Federal Bureau of Prisons; United States Parole Commission; Kathleen

Pinner, United States Parole Commission Hearing Examiner; Marcia Baruch, Chief Psychologist

at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"); Kendra Pugh,

Clinical Psychologist at the Federal Correctional Institution in Petersburg, Virginia ("FCI-

Petersburg"), Andrew Kerr, psychologist; and  Jamie Berry, psychologist, respectfully submit this

memorandum of points and authorities in support of their Motion to Dismiss or, in the

Alternative, to Transfer.

## I.  INTRODUCTION

_____In this *pro se* action, plaintiff, Latchmie Toolasprashad, Register Number 10975-056,

currently housed at FCI-Fort Dix, brought a complaint against the Bureau of Prisons ("BOP"),

pursuant to the Freedom of Information Act ("FOIA").  See Complaint (Docket Entry No. 1).

Specifically, plaintiff requested that the BOP release a copy of his psychological report, prepared

between June 23, 2000 and July 11, 2000, and related documents to Forensic Psychologist James

Hilkey.  Id. at ¶ 1.  On December 13, 2006, plaintiff filed a Combined Motion and Amended

Complaint to Add Claim and Defendants ("Amended Complaint"). See Docket Entry No. 24. In

the Amended Complaint, plaintiff sought to add a "Privacy Act claim against the Bureau of

Prisons (BOP) and U.S. Parole Commission (USPC) as well as [five] individual defendants

pursuant to 28 U.S.C. § 1331 or Bivens v. Six Unknown Fed. Narc. Agents, 403 U.S. 338

(1971)."[1] Amended Complaint at p. 1. Plaintiff alleged that "the BOP and USPC and their

employees . . . deliberately falsified plaintiff's record and utilized the same to deny parole . . . ."[2]

Id. More specifically, plaintiff alleged that the psychological report prepared by the BOP, and

used during his parole hearing, was prepared improperly and did not accurately reflect his

psychological condition. See Amended Complaint at pp. 7, 10-11. Plaintiff makes the following

claims in his Amended Complaint:

> 1) the "defendants failed to timely prepare a psychological report[;]", id. at p. 2;
> 2) after complaining about the psychological report, he was transferred to FCI-Petersburg, id. at p. 5;
> 3) the psychological report written at FCI-Petersburg was inaccurate, id. at p. 7;
> 4) the psychological report was contradicted, id. at p. 14;
> 5) Marcia Baruch's comments regarding the psychological report supported his release, id. at p. 19;
> 6) the Parole Commission used the psychological report to deny parole, id. at p. 20;
> 7) he challenged the psychological report through the BOP Administrative Remedy Process, id. at 24; and
> 8) two forensic reports refuted the psychological report. Id. at 25.

All of these claims should be dismissed pursuant to the doctrines of *res judicata* and

collateral estoppel. Claims 1 through 7 were addressed in a nearly verbatim complaint before the

_____

[1]Plaintiff claims that "[t]he amended complaint related directly to the current FOIA action, and in no way will prejudice the defendant(s)." Id. However, "the claim[s] . . . asserted in the amended [complaint did not] ar[i]se out of the . . . occurrence set forth in the original pleading . . . ." Fed. R. Civ. P.15(c)(2).

[2]These employees were not named in their official capacities.

United States District Court for the District of New Jersey, in Civil Action No. 04-3219, and were dismissed with prejudice.[3]  Claim 8 implicated the same cause of action and could have been raised in Complaint No. 04-3219.  Therefore, that claim is barred by the doctrines of *res judicata* and collateral estoppel as well.  Finally, the Amended Complaint should be dismissed for numerous procedural deficiencies including lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service of process.

## II.  ARGUMENT

### A.  Standard of Review

A motion under Rule 12(b)(1) or 12(b)(6) "tests the legal sufficiency of the complaint." ACLU Found. of Southern Calif.  v. Barr, 952 F.2d 457, 472 (D.C. Cir. 1991).  When reviewing such motions, the Court must take the allegations in the non-movant's pleading as true.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sinclair v. Keindienst, 711 F.2d 291, 293 (D.C. Cir. 1983).  However, "a court must accept only well-pleaded allegations of fact, it need not accept legal conclusions."  Taiwo Okusami v. Psychiatric Inst. of Washington, Inc., 959 F.2d 1062, 1069 (D.C. Cir. 1992) (Sentelle, J., concurring in part and dissenting in part) (quoting 5A Wright & Miller, Federal Practice and Procedure, § 1357 at 315) (internal quotes omitted).  Even for *pro se* plaintiffs, "the district court 'need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations.'"  Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

---

[3]With the exception of USPC Examiner Kathleen Pinner, the defendants are the same.

A court may consider evidence beyond the pleadings in ruling on a 12(b)(1) motion challenging jurisdiction, though it is not required to do so.  See Herbert v. Nat'l Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  In ruling on a 12(b)(6) motion, a court is limited to the allegations in the complaint and "other matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." See Arizmendi v. Lawson, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996).

### B.    Plaintiff's Claims Are Barred by the Doctrines of *Res Judicata* and Collateral Estoppel

Under the related doctrines of *res judicata* and collateral estoppel, a final judgment on the merits of an action precludes the parties from re-litigating issues or claims that were or could have been finally decided.  Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first action.  Allen v. McCurry, 449 U.S. 90, 94 (1980); Montana v. United States, 440 U.S. 147, 153 (1979); Am. Employers Ins. Co. v. Am. Sec. Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984); I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 947 (D.C. Cir. 1983); Jack Faucett Asso., Inc. v. Am. Telephone and Telegraph Co., 566 F. Supp. 296, 299 (D.D.C. 1983); Cutler v. Hayes, 549 F. Supp. 1341, 1343 (D.D.C. 1983).  Under the doctrine of *res judicata*, a final judgment on the merits bars further claims by [a] part[y] in the same cause of action.  Montana v. United States, 440 U.S. at 153.

Application of these doctrines "represents a decision that the needs of judicial finality and

efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979). Application of the doctrines thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes. United States v. Mendoza, 464 U.S. at 154, 158 (1984); Cutler, 549 F. Supp. at 1343; see Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

On April 23, 2004, plaintiff filed a Complaint in the United States District Court for the District of Columbia. See Civil Action No. 04-0652 Complaint, attached hereto as Exhibit 1; see also Docket Entry No. 1. The seven claims presented concerned plaintiff's contention that the defendants utilized a psychological report with which plaintiff disagreed in denying his parole. On April 23, 2004, a Transfer Order was entered transferring the matter to the United States District Court for the District of New Jersey. See Transfer Order of April 23, 2004, attached hereto as Exhibit 2; see also Civil Action No. 04-0652 (Docket Entry No. 3). On April 4, 2005, in an Opinion by the Honorable Jerome B. Simandle of the United States District Court for the District of New Jersey, plaintiff's Complaint *sua sponte* was dismissed with prejudice. See District of New Jersey, Civil Action No. 04-3219, attached hereto as Exhibit 3. On January 4, 2006, defendant filed a Motion to Reopen Case for Further Proceedings. See District of New Jersey, Civil Action No. 04-3219, Docket Entry No. 12. On September 13, 2006, Judge Simandle issued an Opinion denying plaintiff's motion. See id., Docket Entry No. 14.

Having unsuccessfully litigated his claims in the United States District Court for the District of New Jersey, plaintiff again attempts to file the identical claims in this Court.

−5−

However, plaintiff's claims were soundly rejected on the merits and dismissed with prejudice. Pursuant to the doctrines of *res judicata* and collateral estoppel, that ruling bars plaintiff from re-litigating claims 1 through 7 in this Court.

In Claim 8, plaintiff argues that two forensic reports "prove the inaccuracy" of the psychological report which was used at his parole hearing. Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes [a] part[y] . . . from relitigating issues that were or *could have been raised* in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980)(emphasis added). Because Claim 8 involves the same matter as Claims 1 through 7, and could have been raised in the previous action, plaintiff is barred from relitigating that claim here.[4]

### C. **Plaintiff's Claims Are Barred for Numerous Procedural Defects**

All of the claims set forth in plaintiff's Amended Complaint are barred for numerous

---

[4] To the extent that, in Claim 8, plaintiff is making a Privacy Act claim requesting amendment or correction of the psychological report used at the parole hearing, plaintiff's claim fails on the merits. The psychological report is maintained in the inmate's Central File or Central Record System, Second Declaration of Robert Ferretti ("Second Ferretti Dec.") at ¶ 3, attached as Exhibit 4, which is exempt from the amendment and accuracy provisions of the Privacy Act. 5 U.S.C. § 552a(d)(2), (e)(5) and (g)(1)(A)(j), 28 C.F.R. § 16.97(j); See White v. U.S. Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998)(finding BOP records exempt from amendment provisions); Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir 2006)(BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act).

In addition, the psychological report about which plaintiff complains was prepared "between June 23, 2000 and July 11, 2000." Complaint at ¶ 1. Therefore, plaintiff's claims are barred by the Privacy Act's two-year statute of limitations. 5 U.S.C. § 522a(g)(5). See Diliberti v. United States, 875 F.2d 632, 635 (7th Cir. 1987)(The statute of limitations has been held to be jurisdictional in nature and has been strictly construed as it is an "integral condition of the sovereign's consent to be sued under the Privacy Act.").

procedural defects.  Given the strength of the *res judicata*/collateral estoppel bar, none of these

reasons require extensive discussion.  Nevertheless, defendants state the following:

    1.  <u>This Court Lacks *In Personam* Jurisdiction Over the Individual Defendants.</u>

Plaintiff has not shown that any of the defendants named in this lawsuit are residents of

the District of Columbia.  Therefore, there is no *in personam* jurisdiction.

    a.  Plaintiff's Burden.

It is the plaintiff who bears the burden of pleading the facts necessary to substantiate *in

personam* jurisdiction in this Court.  <u>Kernan v. Kurz-Hastings, Inc.</u>, 175 F.3d 236, 240 (2d Cir.

1999).  As explained in <u>Edmond v. U.S. Postal Service</u>, 727 F. Supp. 7, 10 (D.D.C. 1989), <u>aff'd

in part and rev'd in part</u>, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry
> throughout the litigation the burden of showing that he is properly in court.  "If his
> allegations of jurisdictional facts are challenged by his adversary in any
> appropriate manner, he must support them by competent proof.  And where they
> are not so challenged the court may still insist that the jurisdictional facts be
> established or the case be dismissed, and for that purpose the court may demand
> that the party alleging jurisdiction justify his allegations by a preponderance of
> evidence."  <u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936).

Plaintiff has failed, and cannot meet his burden, to establish such necessary facts.  Therefore,

plaintiff's claim against the individual defendants should be dismissed.  <u>See</u> Fed. R. Civ. P.

12(b)(2).

    b.  D.C. Code §13-423, the "Long Arm" statute.

*In personam* jurisdiction may be maintained by the United States District Court for the

District of Columbia only if permitted by the "long arm" laws of the District of Columbia.  <u>Crane

v. Carr</u>, 814 F.2d 758, 762 (D.C. Cir. 1987).  The District of Columbia exercises personal

jurisdiction based upon the D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--
>
> > (1) transacting any business in the District of Columbia;
> >
> > (2) contracting to supply services in the District of Columbia;
> >
> > (3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
> >
> > (4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> >
> > (5) having an interest in, using, or possessing real property in the District of Columbia;
> >
> > (6) contracting to insure or act as surety . . . ; or
> >
> > (7) marital or parent and child relationship. . . .
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, plaintiff's pleading does not establish proper *in personam* jurisdiction in the United States District Court for the District of Columbia under D.C. Code § 13-423. See Crane, 814 F.2d at 762. The defendants, who are located in New Jersey, Virginia and Maryland, are outside the "long arm" of this statute.[5] They have not transacted business in the District of

---

[5] Marcia Baruch is a BOP employee working at FCI-Fort Dix, in New Jersey. Declaration of Marcia Baruch ("Baruch Dec.") at ¶ 1, attached as Exhibit 5. Kendra Pugh is a BOP employee working at FCI-Petersburg, in Virginia. Declaration of Dr. Kendra L. Pugh ("Pugh Dec.") at ¶ 1, attached as Exhibit 6. Kathleen Pinner is a Hearing Examiner for the

Columbia and have not contracted to supply services in the District of Columbia. Further, plaintiff does not and cannot claim that the federal employees at the federal prisons where he was housed in New Jersey and Virginia caused him tortuous injury within the District of Columbia. Finally, this matter does not involve real property, a contract to act as surety, or a marital or parent and child relationship. Therefore, this Court lacks personal jurisdiction over the defendants for activities taking place outside the District of Columbia. See Farmer v. Moritsugu, 163 F.3d 610 (D.C. Cir. 1998) (local medical staff treating in BOP institutions outside District of Columbia not subject to personal jurisdiction); Meyer v. Fed. Bureau of Prisons, 940 F. Supp. 9 (D. D.C. 1996) (No personal jurisdiction over Bureau of Prisons case manager working in Rochester, Minnesota, sued in D.C. in individual capacity by inmate based upon claimed inaccuracy of prison records).

c. *In Personam* Jurisdiction Requires "Minimum Contacts."

In order for the District Court for the District of Columbia to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process. United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane, 814 F.2d at 762. "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the

---

USPC whose principal office is in Chevy Chase, Maryland. See Declaration of Kathleen Pinner at ¶¶ 2-3 ("Pinner Dec."), attached as Exhibit 7. Andrew Kerr and Jamie Berry are not current employees of the BOP. Declaration of Mildred J. Reid ("Reid Dec.") at ¶4, attached hereto as Exhibit 8.

forum state and when the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)." Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia, and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.'" 13 D.C. Code § 13-423(b). Bayles v. K-Mart Corp., 636 F. Supp. 852, 854 (D.D.C. 1986)." Id. at 502.

The burden is again on the plaintiff to establish that this Court can exercise personal jurisdiction over defendants consistent with the Due Process Clause. Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D. D.C. 1998). Plaintiff in this case has wholly failed to allege such facts, and the allegations against all of the defendants do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia. The mere fact that defendants Baruch and Pugh are employees of the Federal Bureau of Prisons and the Central Office of the agency happens to be in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia. Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993); see James v. Reno, et al., No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that White and Snider are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); Meyer v. Reno, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State Attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over them).

-10-

Although the plaintiff also seeks to maintain a claim against Parole Examiner Kathleen Pinner, the central office of the USPC is located in Maryland, not the District of Columbia. Jerry v. U.S. Parole Comm'n., 741 F. Supp 282, 284 (D.D.C. 1970). See Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)(presence of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement). In this case, these non-resident defendants lack the requisite minimum contacts with the District of Columbia because the operative facts of any claim did not arise in the District of Columbia. Therefore, the individual defendants' motions to dismiss under Rule 12(b)(2) should be granted.

      2. Plaintiff Has Not Perfected Service Upon the Individual Defendants.

      It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (P.R. 1987). Plaintiff here cannot do so because the individual defendants in this action were not properly served with the Amended Complaint in accordance with applicable rules. See Docket Report; Baruch Dec. at ¶ 3; Pugh Dec. at ¶ 3; Pinner Dec. at ¶ 3. See also Simpkins v. District of Columbia Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The

SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a decision against an individually-sued defendant. Cf. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); Stafford v. Briggs, 444 U.S. 527 (1980).

In this case, plaintiff failed to serve Marcia Baruch, Kendra Pugh and Kathleen Pinner. He has failed to establish that he has served Andrew Kerr and Jamie Berry. Because the record in this action is devoid of any evidence of proper personal service upon the defendants in their individual capacities, this action cannot proceed against them individually. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988). Therefore, all claims against the defendants should be dismissed. See Fed. R. Civ. P. 12(b)(4), 12(b)(5).

3. This Court Lacks Jurisdiction Over the United States Parole Commission.

Pursuant to Fed. R. Civ. P. 5, "every pleading subsequent to the original complaint . . . shall be served upon each of the parties." Pursuant to Fed. R. Civ. P. 4(i) service upon an agency of the United States is effected by "sending a copy of the summons and the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney[,]" Fed. R. Civ. P. 4(i)(1)(A), and by "sending a copy of the summons and complaint by registered or certified mail to the . . . agency . . . ." Fed. R. Civ. P. 4(i)(2)(A). Plaintiff has failed to serve the summons and the amended complaint upon the USPC. See Docket Report; Declaration of Pamela Roberts ("Roberts Dec.") at ¶ 2, attached hereto as Exhibit 9. Therefore, plaintiff's claims against the USPC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

4.  <u>Venue in the District of Columbia is Improper.</u>

Plaintiff's claims arise from allegations regarding the preparation of the psychology report and handling of the parole hearing by individuals at FCI-Fort Dix, New Jersey and FCI-Petersburg, Virginia.  His claims do not arise from actions that occurred in the District of Columbia.  Plaintiff has not established that the individuals reside in the District of Columbia, <u>see</u> Docket Report; Baruch Dec. at ¶ 3; Pugh Dec. at ¶ 3; Pinner Dec. at ¶ 2, and plaintiff resides in New Jersey.  <u>See</u> Complaint at p. 27.  Claims 1 through 7 already were presented in the United States District Court for the District of Columbia in 2004, <u>see</u> Civil Action No. 04-0652, Docket Entry No. 1, and properly transferred to the United States District Court for the District of New Jersey.  <u>See id.</u>, Docket Entry No 3.  Claim 8 could have been presented in Civil Action No. 04-0652, but was not.  However, venue would have been improper in the District of Columbia for this claim as well.

Venue in a <u>Bivens</u> matter is governed by the provisions of 28 U.S.C. §1391(b), which provides in applicable part:

> (b)    A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

<u>See</u> <u>Stafford v. Briggs</u>, 444 U.S. at 542 (the more permissive venue provisions of 28 U.S.C. §1391(e), are applicable in <u>Bivens</u> actions).  Plaintiff has provided no evidence that any of the defendants reside in the same State.  The records regarding plaintiff's parole hearing are located in Maryland.  <u>See</u> Roberts Dec. at ¶ 3.  Plaintiff was examined by psychologists in Virginia.

-13-

However, he also was examined by psychologists in New Jersey.   The psychology report is located in New Jersey, see Second Ferretti Dec. at ¶ 3, and plaintiff is presently housed in New Jersey.  See Complaint at p. 27.  Therefore, a substantial part of the events giving rise to the claims occurred in New Jersey.  None of the events giving rise to the claim occurred within the District of Columbia, and venue in the District of Columbia is improper.

### D.  Any Claims Not Dismissed Should Be Transferred to New Jersey

Should the Court decide not to dismiss plaintiff's claims outright, this case should be transferred to the District of New Jersey.  Title 28, United States Code Section 1404(a) provides that:

> "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The D.C. Circuit in Starnes set out a number of factors for a district court to use in deciding whether to transfer a civil case brought by a prisoner incarcerated outside the District of Columbia.  Those factors are: (1) the prisoner's difficulty of communication with counsel; (2) the difficulty of transferring the prisoner; (3) the availability of witnesses and files; (4) the speed of final resolution; and (5) whether the case involves issues of national policy that require the testimony of high-level administrators located in Washington, D.C.  Starnes, 512 F.2d at 929-33.

In this case, these factors strongly support the appropriateness of transfer.  This is a *pro se* case so communication with counsel is not an issue.  The witnesses that would be involved in litigating plaintiff's claims are not in the District of Columbia.  The records regarding plaintiff's parole hearing are located in Maryland.  See Roberts Dec. at ¶ 3.  The matter does not involve issues of national policy that require the testimony of high-level administrators in Washington,

-14-

D.C.  Moreover, none of the claims asserted by plaintiff originated in the District of Columbia.

However, the psychology report at issue is located in New Jersey.  <u>See</u> Second Ferretti Dec. at ¶

3.   The Chief Psychologist is employed at FCI-Fort Dix in New Jersey, <u>see</u> Baruch Dec. at ¶1,

and the plaintiff is located in New Jersey.  <u>See</u> Complaint at p. 27.  Therefore, the interests of

justice, judicial economy, and the convenience of the witnesses clearly dictate that plaintiff's

claim should be litigated in New Jersey where plaintiff is incarcerated, and where a substantial

part of the cause of action arose.  <u>See</u> <u>Cameron</u>, 983 F.2d at 253(Courts in this circuit must

examine challenges to venue carefully to guard against the danger that a plaintiff might

manufacture venue in the District of Columbia.); <u>see</u> <u>also</u> <u>Trout Unlimited v. U.S. Dep't of</u>

<u>Agriculture</u>, 944 F. Supp. 13, 17 (D.D.C. 1996).  Thus, all of plaintiff's claims should be

transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

## III.  CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court dismiss

Plaintiff's Amended Complaint with prejudice or, in the alternative, transfer the action to the

United States District Court for the District of New Jersey.

Respectfully submitted,


/s/

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/

MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendants

-16-

## <u>CERTIFICATE OF SERVICE</u>

<u>THIS IS TO CERTIFY</u> that on this 31st day of January, 2007, a copy of the foregoing

was sent by First-Class Mail, postage prepaid, to:

Latchmie Toolasprashad
#10975-056
FCI Fort Dix
Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640


/s/_____
MARIAN L. BORUM
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LATCHMIE TOOLASPRASHAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 06-1187 (ESH)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BUREAU OF PRISONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**ORDER**

Upon consideration of defendants' Motion to Dismiss Amended Complaint, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the granting of defendants' motion would be just and proper, it is by the Court this ____ day of _____, 2007,

ORDERED that defendants' motion to dismiss be, and it hereby is, granted;

ORDERED that this case be, and it is, dismissed with prejudice.


_____
UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-1187 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**ORDER**</u>

Upon consideration of defendants' Motion to Dismiss or, in the Alternative, to Transfer, of all the papers filed in support of and in opposition to that motion, and of the entire record, and it appearing to the Court that the granting of defendants' motion would be just and proper, it is by the Court this _____ day of _____, 2007,

ORDERED that defendants' motion to transfer be, and it hereby is, granted.


_____
UNITED STATES DISTRICT COURT

Copies to:

Marian L. Borum
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-6531

Latchmie Toolasprashad
#10975-056
FCI Fort Dix
Unit 5803
P.O. Box 7000
Fort Dix, New Jersey 08640