UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
FEB - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TEELASPRASHAD,
  Plaintiff,

v.

BUREAU OF PRISONS, et. al.
  Defendants

CASE NO. 06-1187 (ESH)

## PLAINTIFF'S SUR REPLY TO DEFENANT'S OBJECTIONS

On January 31, 2006, plaintiff received defendant's reply dated January 23, 2007 (Doc # ukn) and this sur reply follows:

The defendant's objections is merely a rehashing of their previous filings which contains no merit and merely distorting the facts and defendant's own tardiness. Moreover, defendant clearly did not address the facts and issues detailed in "Plaintiff's Objections to Defendant's Renewed Motion to Dismiss or, In the Alternative, for Summary Judgment" dated January 9, 2007 (Doc # ukn), and merely addressed selected portions -- as they cannot dispute plaintiff's factual allegations -- on the BOP and its guards are totally without oversight and free to do as they wish since they lie and cover-up for each other at all levels. Plaintiff has no problem calling his keepers, from the top to the bottom, worst criminals than what they are keeping — only that plaintiff has no voice.

As page 3 fn 2 of defendant's objections indicates plaintiff was incarcerated at FCI Petersburg. The factual essence of this assertion is that FCI Ft. Dix psychology department dropped the ball and outright lied that the requested psychological report was already prepared and sent to the parole board when, in fact, the FCI Ft. Dix psychology guards outright lied and retaliatory transferred plaintiff to Petersburg to

get the report done - the only reason for plaintiff's confinement at Petersburg.[1]

At page 3 of defendant's Objection indicated that guards - Nagle and Ferretti conducted a page-by-page search of the intern's file and plaintiff's Central File. No such page-by-page search was mentioned in either guards - Nagle or Ferretti's declarations. In fact, plaintiff spoke with Ferretti about this search of his Central File and, while Ferretti acted elusive, he denied any page-by-page search of plaintiff's Central File, a showing how even government counsel is lying (and plaintiff has no problem calling these government agents liars because it is the best thing they know how to do, covering up for their fellow government employees and lying as it appears to be a prominent prerequisite for BOP guards and U.S. Attorneys).

Once again, the 123 pages of military documents from plaintiff's Central File are not the documents under question. Defendant failed to maintain plaintiff's record in a fair and accurate manner, failed to perform its statutory duty, and, as a result, used inaccurate information adversely against plaintiff to deny parole.[2] In plaintiff's Objections dated January 9, 2007 at pages 9-10, plaintiff clearly pointed out that the psychology-intern took possession of the 500 plus documents.

The defendant used a psychology-intern to write a report that was adversely used by the parole board to deny parole and the records/

---

[1] See, the Amended Complaint for factual background on the lies and bureaucratic runaround by FCI FT. DIX psychology guards and how plaintiff was sent to Petersburg wherein the report was prepared by an psychology-intern (Doc # Ukn).

[2] See, "Plaintiff's Objections to Defendant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment" dated January 9, 2007 (Doc # Ukn); "Plaintiff's 'Supplemental' Objections to Defendant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment" dated January 15, 2007 (Doc # Ukn); as well as the Amended Complaint (Doc # Ukn).

documents have disappeared, not only unfair and adversely against plaintiff, rather the incompetency and care-not by the BOP and guards.[3] At no time plaintiff was ever told that the psychology-intern was an "intern" and the intern indeed took possession of the 500 plus documents, a showing of no accountability. There is no good faith when the psychology-intern falsified and fabricated the report which was adversely used to deny parole.

Plaintiff is not speculating that the documents exist, but where and with whom, as the evidence shows that the psychology-intern-guard (Jamie Berry) took possession of the 500 plus documents and mis-used same. Nonetheless, dependant in Nagle's declaration indicated there is no evidence that any guards took possession of the documents, yet the psychology-intern's own report shows that the guard (Berry) took possession of the documents.[4]

As an example of the BOP and its guards' lies and corruption relating to this same plaintiff, he need not reminding this Court that dependant deliberately lost 10 years of plaintiff's medical records when he discovered medical guards deliberately, knowingly, intentionally falsified the medical records (see, Plaintiff's Objections to dependant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment" specifically pages 6-7 and attached thereto as exhibit 1, Doc # UKN).

Dependant's searched locations where they know the documents won't be located, but never even speak or attempted to speak with the psychology-intern guard (Berry) who took possession of same. The search is inadequate and incomplete.

---

[3] See the Amended Complaint for factual background (Doc # unknown).

[4] See "Plaintiff's Objections to Dependant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment" dated January 9, 2007, specifically pages 9-10, which will prove not speculating that the documents exist somewhere in dependant's possession.

3

Hence, as the inaccurate and false psychology-report was used to deny plaintiff parole and the documents cannot be located the report must be struck from plaintiff's file. Further, the Court should deny summary judgment, order defendant to contact the psychology-intern-guard (Berry) regarding the 500 plus documents. Moreover, the Court should withhold deciding this issue until resolution of the Amended Complaint, which ties in with this issue. Additionally, defendant failed to address the issues in "Plaintiff's Objections to Defendant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment," as it is obviously clear that defendant cannot dispute plaintiff's allegations and the Court should hold defendant fully accountable — exposing the underground corruption of the BOP and its out-of-control guards.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Latchmie Toolasprashad #10975-056
Bldg 5803, PO Box 7000
Ft Dix, NJ 08640

CERTIFICATE OF SERVICE

I hereby certify that a copy of "Plaintiff's Sur Reply to Defendant's Objection" has been mailed postage prepaid on this the 31st day of January, 2007, by placing same in the U.S. Mail and addressed to:

Marian L. Borum
Assistant U.S. Attorney
555 4th St, NW, Civil Division
Washington, DC 20530

Latchmie Toolasprashad

4