# DANIEL W. SCHWARTZ, M.D., L.F.A.P.A.

DIPLOMATE, AMERICAN BOARD OF
FORENSIC PSYCHIATRY

949 CENTRAL AVENUE, SUITE 205
WOODMERE, NEW YORK 11598
(516) 295-2779

July 25, 2001

Todd D. Greenberg, Esq.
Addabbo & Greenberg
118-21 Queens Blvd., Suite 306
Forest Hills, NY 11375

Re: LATCHMIE TOOLASPRASHAD
No. 10975-056

Dear Mr. Greenberg:

At your request I have performed a psychiatric examination on this 37-year-old man to evaluate his emotional suitability for being released on parole.

He has been convicted of Aiding and Abetting in Murder, in that he arranged for the shotgun murder of SP4 Beverly Ann Dozier at Ft. Bragg on December 15, 1985. After pleading guilty, he was sentenced to 30 years to life and is currently being considered for parole.

Mr. Toolasprashad was examined on July 20, 2001 at Ft. Dix for a total of 4 hours. In addition, I conferred at length with his older brother, Surg.

I have also studied various case material, including:

1. Psychiatric report of Dr. Daly (Fayetteville, NC), dated 3/5/86
2. Psychiatric and psychological report of Drs. O'Brien and Hilkey (FCI Butner), dated 4/29/86
3. Psychological report of Dr. Echols (FMC Rochester), dated 10/17/86
4. Psychological report of Dr. Berry (Petersburg, VA), dated July, 2000, and
5. Various documents, including positive reports by his supervisors and counselors, and FCI Progress Reports, dated 5/6/2000 & 6/1/01

**SIGNIFICANT PAST HISTORY:** Mr. Toolasprashad was born on September 7, 1963 in Guyana, South America and raised in an intact family. He is one of six children, with two brothers and three sisters, all of whom live in reasonable proximity and are emotionally close. The entire family immigrated in May 1979. His parents, in their 60's, are not well physically, and currently reside with one of his brothers.

A-34   Exhibit 1

LATCHMIE TOOLASPRASHAD                                July 25, 2001

In 1981, about three months after graduating high school, Mr. Toolasprashad enlisted in the Army, feeling that he owed something to this country and hoping for an education towards a career. To this end, he served as a combat medical specialist. Eager to enter the Uniformed Service School of Health Services following his discharge from service, he applied for citizenship but missed the scheduled naturalization date because he was in the field.

In 1983 he saw action in Grenada, caring for the wounded amidst the death of 19 American soldiers. He has a particularly vivid memory of seeing the body of an infantryman who had been cut to pieces in a helicopter crash. The next year he reenlisted and was involved in covert action in Central America, an experience that he describes as "very scary." In March 1985, a fiery helicopter crash at Ft. Bragg took the lives of all 11 men; almost all the bodies were severely burned, and the two pilots had been very close friends of his.

Mr. Toolasprashad may well have suffered a Posttraumatic Stress Disorder, feeling "torn to pieces" at the time and experiencing subsequent nightmares of this aircraft and the bodies burning. Reportedly, the Army psychiatrist from whom he sought help dismissed him, telling him that he should be able to handle it himself.

At the time he was still seeing Beverly. She, however, was also of no emotional help, looking up to him as a strong leader and insisting that he could cope with the stress. "She never gave me the comfort and reassurance I needed." Soon enough he terminated the relationship. Reportedly, it was the fury of a woman scorned that led to his premature honorable discharge from the service shortly before the present offense.

**MENTAL STATUS:** On examination Mr. Toolasprashad shows no indication of psychosis or even mental illness. He is fully alert and quite cooperative. He is a good historian, with no evidence of organic mental illness. His statements are always responsive, coherent and relevant, with no suggestion of delusions, hallucinations or otherwise disordered thinking. He is initially resentful of the fact that it has taken ten months for this examination to be allowed, but once he has ventilated such understandable feelings his mood is best described as neutral. His display of feelings is of normal intensity and always appropriate.

In regard to the present offense, he makes it perfectly clear that he feels responsible for what happened. No discussion of the facts leading up to the crime relieves him of any responsibility.

**DIAGNOSIS:**      No Mental Illness
                    No Personality Disorder
                    No Physical Disorder

A-40

**RECOMMENDATION:** It is respectfully recommended to the Court that, from a psychiatric point of view, it would be most appropriate to release Mr. Toolasprashad on parole.

**DISCUSSION:** For over 26 years I was the director of a forensic psychiatry service that examined thousands of criminal defendants a year. As such I myself have probably seen over a thousand murderers, and have necessarily had to pass judgment as to their dangerousness. I have often rendered pre-sentence recommendations, and have also examined many psychiatric patients who have been found not responsible because of mental illness (NGRI) as to possible release; in both cases, the most important question is their dangerousness.

There is nothing in my examination (or that of Dr. Berry's a-year ago) that suggests any risk to the community. There are no paranoid, grandiose or vengeful thoughts or feelings. What happened in this case was between two people, and there is no indication that Mr. Toolasprashad represents a danger to anyone else on Earth.

(With all due respect to Dr. Berry's diagnosis of Narcissistic Personality Disorder, the findings he reports on the psychological tests he administered do not seem consistent with a *personality disorder.* Such a problem, by definition, "leads to clinically significant distress or impairment in social, occupational, or other important areas of functioning," [Diagnostic and Statistical Manual – Fourth Edition, p. 633.] and the prison records show just the opposite. Dr. Berry himself writes that Mr. Toolasprashad's test performance "is not suggestive of any form of significant psychological impairment" [p. 4]).

Beyond my examination is the record of Mr. Toolasprashad's behavior, both before and subsequent to the present offense. As far as we know, there has never been another act of violence, or even a threat of violence. Most experts in forensic psychiatry consider one's history, or absence, of violent behavior as the best basis for predicting the future – and here his past performance is exemplary. He has been repeatedly noted to have made "outstanding progress" in the Federal Bureau of Prisons, to have maintained "an above-average rapport" with the staff, and to have been no management problem.

Nor is there any indication that psychiatric treatment or psychotherapy need be a condition of parole. If Mr. Toolasprashad is released from prison, he will probably be deported because of lack of citizenship. In that case, his brother, a bachelor, informs me that he will return to Guyana with him, to spare him the anguish of being completely separated from his entire family. Otherwise, if he is allowed to remain in this country, he can live with his brother and their parents, and one of his brothers-in-law, a physician, will provide employment.

**LATCHMIE TOOLASPRASHAD**                                July 25, 2001

    In conclusion, there is every indication that if Mr. Toolasprashad is released, he will be a law-abiding, safe and productive member of the community.

                                      Sincerely yours,

                                      DANIEL W. SCHWARTZ, M.D.
                                    Assoc. Professor (Ret.), Psychiatry
                                        State University of New York
                                        Health Science Center at Brooklyn
                                  Director (Ret.), Forensic Psychiatry
                                        Kings County Hospital Center

A-42

# JAMES H. HILKEY, Ph.D.
Licensed Practicing Psychologist
3326 Durham-Chapel Hill Blvd. Suite B-121
Durham, North Carolina, 27707
Ph. (919) 493-1110 – Fax (919) 932-1734

---

## PSYCHOLOGICAL EVALUATION

CLIENT: Latchmie Narayan Toolasprashad
REGISTRATION NUMBER: 10975-056
DATE OF BIRTH: September 7, 1963
DATE OF REPORT: June 3, 2006

Latchmie Toolasprashad was referred for psychological evaluation by his attorney Susan James. The purpose of this evaluation is to assess his psychological suitability for release on parole. This is actually a reevaluation of Mr. Toolasprashad as I initially completed a forensic psychological in March 1986, in my capacity of as the Chief, Psychological Services at the Federal Correctional Institution, Butner, North Carolina. I retired from Federal service in May 1996, and completed this evaluation as an independent examiner; a current copy of my curriculum vita is attached to this report. At that time of commitment to the Federal Correctional Institution at Butner, North Carolina, in 1986, Mr. Toolashprahad was also examined by forensic staff psychiatrist Dennis O'Brien, M.D. It was our mutual opinion that Mr. Toolasprashad suffered from significant mental illness, was considered incapable to proceeding to trial, and was treated with psychotropic medications. There was some questions as to the exact diagnostic impressions at that time; however, it was clear Mr. Toolashprahad exhibited psychotic symptoms, was depressed with suicidal ideation and a suicide attempt, displayed symptoms consistent with the diagnosis of Posttraumatic Stress Disorder from events experienced while serving in the United States Army. Both Dr. O'Brien and I questioned whether Mr. Toolasprashad was exhibiting early signs of a schizophrenic disorder as reflected in our 1986 report. Following a second evaluation and additional treatment at the Federal Medical Center in Rochester, Minnesota Mr. Toolashprashad entered a guilty plea before the Honorable Terrance Boyle in the Eastern District of North Carolina, on January 20, 1987. Mr. Toolashprashad is scheduled for review by the United States Parole Commission on June 4, 2006.

Mr. Toolashprashad was reexamined on June 2, 2006, at the Federal Correctional Institution, Fort Dix, New Jersey. Over the course of approximately four hours of examination, Mr. Toolashprashad was given a mental status examination, completed the *Millon Clinical Multiaxial Personality Inventory, Third Edition*, and was interviewed. I also had a chance to review a number of documents and conduct several phone interviews with staff members familiar

EXHIBIT 2

Latchmie N. Toolashprashad
Psychological Evaluation
Page Two

with Mr. Toolashprashad's institutional adjustment. The documents reviewed included prior mental health evaluations, Federal Bureau of Prison accomplishments and institutional adjustment records, and his most recent progress report completed by Case Manager Robert Ferretti. I also reviewed a Notice of Action on Appeal from the United States Parole Commission at August 23, 2004.

Mr. Toolashprashad presented as a neatly groomed and fully oriented individual. He seemed genuinely pleased to see me, grateful I had agreed to examine him, and was friendly and cooperative. He provided a detailed account of his activities and accomplishments since our last meeting some twenty years ago. Mr. Toolashprashad voiced some frustrations over some of the events he had experienced; however, he was able to acknowledge positive interactions and benefits he had received. His comments were appropriate and without delusional content. Mr. Toolashprashad was unabashedly proud of his accomplishments which contributed to an air of self-confidence. Although I had not seen Mr. Toolashprashad for some time some of his personality characteristics remained constant over time. In particular, he remained obsessive in his thoughts and compulsive in many of his behaviors. Because he is not particularly flexible in his thinking he tends to view things in concrete terms or as issue of either "black or white." I suspect this analytical thinking process may contribute to some interpersonal difficulties and occasional conflicts with those in authority; this should not be viewed as characteristics of malignant narcissism or of an Antisocial Personality Disorders. As evidenced in both the materials he forwarded for my review and in his conversations, Mr. Toolasprashad has devoted a great deal of time in legal research regarding his case. Despite the time invested in these activities, he continues to be extremely active in institutional programming and has earned high regard for his work performance by those staff who has supervised him. There is ample evidence of these accomplishments referenced in his progress report and by letters of commendation. Mr. Toolashprashad, although not clinically paranoid, he is highly focused and ever vigilant to rules and it is probable the attention devoted to this order diverts his attention from experiencing underlying feelings of anxiety, tension, and some depression. It is difficult for Mr. Toolashprashad to deal with the affective or feeling side of his personality which contributes to his perception as an individual who is much more attuned "how things should be" rather than exhibit sensitivity to the emotional aspects of his personality. Despite these observations Mr. Toolashprashad does readily acknowledge and is deeply appreciative of the sacrifices his family had made in their continued support of him and fully recognizes that his behaviors contributed to the death of Beverly Dozier.

The psychiatric symptoms present during my initial evaluation of Mr. Toolashprahad have largely resolved. There are no evidences of psychosis present at the time of his evaluation in 1987. I would take exception with the statement in paragraph one, page two of the Parole Commission Notice of Action Report dated August 23, 2004, that Mr. Toolashprashad, "feigned mental incompetency." Although the initial concerns that Mr. Toolashprashad may be suffering from a schizophrenic disorder have not been supported the psychotic symptoms observed were genuine and were consistent with the diagnoses of a Posttraumatic Stress Disorder and a Major Depressive Disorder. This opinion was supported by two independent mental health professional (Hilkey and O'Brien) and reviewed by a panel of other mental health professionals during the initial assessment at FCI Butner. There are no overt signs of a Major Depressive Disorder evident during the recent examination. Mr. Toolasprashad's affect was appropriate to situation. Both suicidal and homicidal ideations were denied.

Latchmie N. Toolashprashad
Psychological Evaluation
Page Three

Prior evaluations have referenced an Antisocial Personality Diagnosis. Again, Mr. Toolashprashad does not meet the criteria established for this diagnosis at this current time nor at the time of prior assessments; he has no history of conduct disorder as a child or adolescent required for this diagnosis. Mr. Toolashprashad has the capacity for sensitivity for the needs and feelings of others. Furthermore, his behavior while in prison and prior to the offense behavior has not included violent or aggressive behavior; he has the capacity for empathy as evidenced in his repeated concerns for the memory of the victim of this crime and his immediate family. The results of objective personality testing recently administered do not support an Antisocial Personality Disorder diagnosis.

Mr. Toolashprashad does exhibit some symptoms of a lingering Posttraumatic Stress Disorder as manifested in recurrent troubling dreams from past service related incidents. These impressions are confirmed by objective psychological testing. It should also be noted that IQ scores recorded by prior evaluation are not accurate reflections of Mr. Toolashprahad's cognitive abilities. He is clearly functioning in a range above an average range of intelligence and is not consistent with reported IQ scores in the Low Average range as reported in the psychological evaluation author by psychology intern Berry at FCI Petersburg.

Based on impressions obtained from this most recent examination of Mr. Toolashprashad I find no reasons to suggest that he would pose a future active or passive risk to others and in my opinion is a suitable candidate for release. Based on this current examination I find that Mr. Toolashprashad fits the Axis I criteria for Posttraumatic Stress Disorder, in partial remission, and an Axis II impression of Obsessive Compulsive Disorder. These impressions are based on the most recent clinical interview and from result of psychological testing. As indicated in Mr. Toolashprahad's progress report, his release plans are unclear and complicated by his immigration status. I trust these findings are useful and I can be available to answer specific questions should they arise.

James H. Hilkey, Ph.D.
Licensed Psychologist