UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATCHMIE TOOLASPRASHAD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 06-1187 (ESH) ) |
| BUREAU OF PRISONS, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss or to transfer the amended complaint brought under the Privacy Act, 5 U.S.C. § 552a, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants assert, among other grounds for dismissal, that the amended complaint is barred by *res judicata*. The Court agrees and, accordingly, will grant the motion and dismiss the case.

I.  BACKGROUND

By Order of January 31, 2007, the Court dismissed plaintiff's original claims brought under the Freedom of Information Act, 5 U.S.C. § 552. Pursuant to Fed. R. Civ. P. 15(a), plaintiff filed an amended complaint (Dkt. No. 24) against the Bureau of Prisons, the United States Parole Commission and five individuals (Kathleen Pinner, Drew Kerr, Marcia Baruch, Jamie Berry and Kindra Pugh). In the amended complaint, filed on December 13, 2006, plaintiff challenges the use of an alleged inaccurate psychological report during parole proceedings, as well as the circumstances surrounding the preparation of the report.

## II.  DISCUSSION

Under the doctrine of *res judicata*, "the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate--even if they chose not to exploit that opportunity--whether the initial judgment was erroneous or not." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981). The doctrine of *res judicata* requires an identity of parties or their privies in the earlier and later suits.  A final judgment in one action "bars any further claim based on the same 'nucleus of facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'" *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir.1977)); *accord Velikonja v. Ashcroft*, 355 F. Supp. 2d 197, 200-01 (D.D.C. 2005).

Plaintiff's amended complaint involves the same parties and nucleus of facts that formed the basis of his previous complaint, which this Court transferred to the District of New Jersey. (*Compare* Def.'s Ex. 1 (*Toolasprashad v. U.S. Parole Comm'n*, Civ. Action No. 04-0652) (Compl.), *with* Am. Compl.)[1]  On April 4, 2005, the District of New Jersey issued an opinion addressing plaintiff's constitutional and Privacy Act claims and dismissing the transferred case with prejudice.  (Defs.' Ex. 3, *Toolasprashad v. Bureau of Prisons*, Civ. Action No. 06-3219) (Simandle, J.)).  By Order of September 13, 2006, Judge Simandle issued another opinion

---

[1] Although plaintiff did not name Parole Examiner Kathleen Pinner as a defendant in the earlier action, he is suing her for her actions taken as an employee of the U.S. Parole Commission.  Pinner therefore is in privity with the previously named Parole Commission.  *See LoBue v. Christopher*, 82 F.3d 1081, 1085 (D.C. Cir. 1996) (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940)) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government."); *accord Elliott v. F.D.I.C.*, 305 F. Supp. 2d 79, 82-83 (D.D.C. 2004).

denying plaintiff's motion to reopen pursuant to Fed. R. Civ. P. 60(b). (Defs.' Notice of Filing, Attach [Dkt. No. 44].) In addition to affirming his previous ruling that plaintiff had failed to state a claim for injunctive relief under the Privacy Act, Judge Simandle further found that plaintiff had failed to state a claim for damages under the Privacy Act because "the accuracy of BOP psychologists' observations and opinions of Plaintiff are not clearly provable." (Op. at 9.)

Plaintiff asserts that the Privacy Act claim is not barred because the use of the alleged inaccurate record to deny his release to parole is "an ongoing matter." (Pl.'s Opp'n at 2.) He claims that the Parole Commission's most recent denial in June 2006 was against the recommendation of "a retired BOP Chief Forensic Psychologist . . . with more than 30 years' experience [which] contradicted the intern's report." (*Id.* at 4.) Plaintiff asserts that this "indicated the USPC made [an] incorrect decision." (*Id.*) The Privacy Act is not "a vehicle for amending the judgments of federal officials or . . . other[s] . . . as those judgments are reflected in records maintained by federal agencies." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337-38 (D.C. Cir. 1992) (quoting *Rogers v. U.S. Dep't of Labor*, 607 F. Supp. 697, 699 (N.D. Cal.1985)). Thus, a "complaint [] not about the accuracy of [] records, but about the underlying decision they reflect" is not cognizable under the Privacy Act. *Levant v. Roche*, 384 F. Supp. 2d 262, 270 (D.D.C. 2005).[2]

---

[2]To the extent that plaintiff's challenge to the 2006 parole denial is cognizable under some other cause of action, *see, e.g., Settles v. U.S. Parole Comm'n*, 429 F.3d 1098 (D.C. Cir. 2005), it should not proceed here. (*See* Defs.' Mot. at 15 (placing all relevant documents and witnesses in New Jersey, where plaintiff is confined and the alleged wrongful acts occurred); *id* at 7-11 (asserting correctly that the Court lacks personal jurisdiction over the individual defendants); *cf*. 28 U.S.C. § 1391(b) (the proper venue for such a claim lies in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred").) Defendant has moved in the alternative to transfer the case pursuant to 28 U.S.C. § 1404 for the sake of convenience. Because plaintiff has acquiesced in the opposition to the non-Privacy Act claims, the Court does not find it in the interest of justice to transfer any remaining claims to the District of New Jersey.

The doctrine of *res judicata* bars plaintiff from relitigating the cognizable claims set forth in the amended complaint. The Court therefore will grant defendant's motion to dismiss the amended complaint and will dismiss the case. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: March 19, 2007